LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE PACHECO  and JANE DOE,
*on behalf of themselves, FLSA Collective Plaintiffs*
*and the Class*,

       Plaintiffs,

        v.

CHICKPEA AT 14TH STREET INC., CHICKPEA AT
HOUSTON INC., CHICKPEA AT LIC, INC., CHICKPEA
AT PENN INC., CHICKPEA INTERNATIONAL INC.,
CHICKPEA ON 6TH AVENUE INC., CHICKPEA
WORLD LLC,  JOHN DOE CORPS 1-10, ASHISH
KAPOOR  and JOHN DOES 1-10,

       Defendants.

---

Case No.

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

Plaintiffs, JOSE PACHECO  and JANE DOE ("Plaintiffs"), on behalf of themselves and

others similarly situated, by and through their undersigned attorneys, hereby file this Class and

Collective Action Complaint against Defendants, CHICKPEA AT 14TH STREET INC.,

CHICKPEA AT HOUSTON INC., CHICKPEA AT LIC, INC., CHICKPEA AT PENN INC.,

CHICKPEA INTERNATIONAL INC., CHICKPEA ON 6TH AVENUE INC., CHICKPEA

WORLD LLC, JOHN DOE CORPS 1-10 (collectively, the "Corporate Defendants"), ASHISH

KAPOOR and JOHN DOES 1-10 (collectively, the "Individual Defendants," and together with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1.    Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3)  liquidated damages and (4 ) attorneys' fees and costs.

2.    Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime,  (3) compensation for unpaid "spread of hours" premiums, (4) statutory penalties, (5) liquidated damages (6) improper meal credit deductions, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.    (a) Plaintiff, JOSE PACHECO, for all relevant time periods, was a resident of Queens County, New York.

(b) Plaintiff, JANE DOE, for all relevant time periods, was a resident of New York State.

6.    Corporate Defendants:

(a) CHICKPEA AT 14TH STREET INC.  is a domestic corporation  organized under the laws of the State of New York with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(b) CHICKPEA AT HOUSTON INC.  is a domestic corporation organized under the laws of the State of New York, with  an address for service of process at 15 Waverly Place, New York, New York 10003;

(c) CHICKPEA AT LIC, INC.  is a domestic corporation organized under the laws of the State of New York, with  an address for service of process at 15 Waverly Place, New York, New York 10003;

(d) CHICKPEA AT PENN INC.  is a  domestic corporation organized under the laws of the State of New York, with  an address for service of process at 15 Waverly Place, New York, New York 10003;

(e) CHICKPEA INTERNATIONAL INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(f) CHICKPEA ON 6TH INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(g) CHICKPEA WORLD LLC, is a domestic corporation under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(h) JOHN DOE CORP. 1 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service located at 15 Waverly Place, New York, New York 10003;

(i) JOHN DOE CORP. 2 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003;

3

(j)   JOHN DOE CORP. 3 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003;

(k)   JOHN DOE CORP. 4 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003;

(l)   JON DOE CORP. 5 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003;

(m)  JOHN DOE CORP. 6 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003;

(n)   JOHN DOE CORP. 7  is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003;

(o)   JOHN DOE CORP. 8 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003;

(p)   JOHN DOE CORP. 9 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003; and

(q)   JOHN DOE CORP. 10 is a corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 15 Waverly Place, New York, New York 10003.

7.    Individual Defendants:

(a) ASHISH KAPOOR is the President and Chief Executive Officer of all Corporate Defendants. ASHISH KAPOOR exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. At all times, employees could complain to ASHISH KAPOOR directly regarding any of the terms of their employment, and ASHISH KAPOOR would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ASHISH KAPOOR regularly visits each of the Chickpea Restaurants and he directly reprimands any employee who does not perform his duties correctly.

ASHISH KAPOOR additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. ASHISH KAPOOR exercises functional control over the business and financial operations of all Corporate Defendants. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Chickpea Restaurants are operating efficiently and profitably.

(b) Each of the Individual Defendants, JOHN DOES 1-10, is a principal of the Corporate Defendants. They each exercised control over the terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class members. They each exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv)

otherwise affect the quality of employment of Plaintiffs, the FLSA Collective Plaintiffs and the Class members. They also each exercised the power and authority to supervise and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

8.    The Defendants operate a restaurant enterprise using the common trade name "Chickpea." There are seven locations of Chickpea Restaurants, along with a website for corporate catering ("Online Catering Site"), with locations as follows:

> (a) 1413 Madison Avenue, New York, New York 10029 ("Chickpea Mount Sinai");
>
> (b) 42-09 28th Street, Long Island City, New York, 11101 ("Chickpea Gotham Center");
>
> (c) 210 East 14th Street, New York, New York 10003 ("Chickpea Union Square");
>
> (d) AMTRAK Concourse Level, Penn Station 34th Street, New York, New York 10001 ("Chickpea Penn Station AMTRAK");
>
> (e) LIRR Concourse Level, Penn Station 34th Street, New York, New York 10001 ("Chickpea Penn Station LIRR");
>
> (f) 110 William Street, New York, New York 10038 ("Chickpea Lower Manhattan");  and
>
> (g) 45 East 45th Street, New York, New York 10017 ("Chickpea Midtown Manhattan"); .

and together with the Online Catering Site, the "Chickpea Restaurants."

9.    The Chickpea Restaurants operate as a single integrated enterprise. Specifically, the Chickpea Restaurants are engaged in related activities, share common ownership and have a common business purpose. The Chickpea  Restaurants are commonly owned by the Individual Defendants, who manage the Chickpea  Restaurants at a central office located at 15 Waverly Place, New York, New York 10003 , separate from any of the restaurant locations. The Chickpea

Restaurants share a common logo, serve similar menu items and are advertised jointly as a common enterprise on Defendants' website listing its numerous locations, http://www.getchickpea.com (*See* **Exhibit 1**). They are also advertised jointly on the Chickpea Facebook page (https://www.facebook.com/GetChickpea/) (*See* **Exhibit 2**), Twitter Page (https://twitter.com/chickpeanyc?lang=en) (*See* **Exhibit 3**) and Instagram Page (https://www.instagram.com/ilovechickpea/?hl=en) (*See* **Exhibit 4**). Defendants' website allows customers to place online orders at any of the Chickpea Restaurants, (https://ordering.chownow.com/order/417/locations) (*See* **Exhibit 5**). The Chickpea Restaurants also use one common phone number, fax number and e-mail address (info@getchickpea.com ) (*See* **Exhibit 6**). Merchandise and employees are interchangeable amongst the Chickpea Restaurants.

10.   At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.   At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.   Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, delivery persons, food preparers, cooks, line-cooks, dishwashers, cleaning persons, counter persons and stock persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.   At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the minimum wage and overtime at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Plaintiff JOSE PACHECO is a member of the FLSA Collective.

14.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including servers, delivery persons, food preparers, cooks, line-cooks, dishwashers, cleaning persons, counter persons and stock persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.   The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Plaintiff JOSE PACHECO is a member of the Class.

18.   Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay the proper minimum wage, (ii) failing to pay overtime premium for hours worked in excess of forty (40) per workweek, (iii) failing to pay spread of hours premium, (iv) improperly deducting meal credits, and (v) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.   Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)   Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e)   Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

f)   Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

g)   Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

h)   Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

i)   Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law; and

j)   Whether Defendants improperly deducted meal credits from Plaintiff and Class members.

**STATEMENT OF FACTS**

23.   Plaintiff, JOSE PACHECO:

(a) From in or about July 2015 to in or about September 2017, Plaintiff JOSE PACHECO was employed by Defendants to work for the Chickpea Penn Station 34th Street location. Plaintiff routinely transferred between the two locations in Penn Station until his termination in September 2017.

(b) From in or about June 2015 until the end of 2016, Plaintiff JOSE PACHECO worked as a dishwasher with a regular work schedule of 5:00 a.m. to 3:00 p.m. for six (6) days per week for a total of sixty (60) hours a week, and was paid an hourly rate of $8.00 for all hours worked, including all hours worked over forty (40) in a workweek. In or about January 2017, his schedule remained the same, but his hourly rate increased to $11.00 for all hours worked, including all hours worked over forty (40) in a workweek. In or about August 2017, he worked Mondays from 5:30 a.m. to 1:00 p.m., Tuesdays, Wednesdays and Thursdays from 5:30 a.m. to 12:30 a.m., Fridays from 5:00 a.m. to 1:00 p.m. and Saturdays from 7:00 a.m. to 2:00 p.m. and was paid an hourly rate of $11.00 for all hours worked, including all hours worked over forty (40) in a workweek. Plaintiff JOSE PACHECO was paid straight-time at a base hourly rate for all hours worked, including all hours worked over forty (40) in a workweek. Class members had similar work schedules.

(c) Throughout his employment with Defendants, Plaintiff JOSE PACHECO was deducted a daily 30-minute meal deduction even though the time was often interrupted.

(d) Throughout his entire employment, Plaintiff JOSE PACHECO was paid in cash and was not given any form of wage statement.

24.   Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, Defendants unlawfully failed to pay them either the

FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over forty (40) in a workweek.

25.    Plaintiffs, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded ten hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

26.    At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage notices or wage statements as required by NYLL. In fact, Defendants paid Class members, including Plaintiffs, in cash and did not provide them with a wage statement or any other type of receipt with their payment of wages.

27.    At all times relevant, Defendants deducted invalid meal credit from Plaintiff's and Class members' wages, in violation of the NYLL. Defendants knowingly and willfully operated their business with a policy of taking invalid meal credits from Plaintiff and Class members.

28.    Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF

## PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

29.    Plaintiffs reallege and reaver Paragraphs 1 through 28 of this class and collective action Complaint as if fully set forth herein.

30.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are

covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31.   At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

32.   At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

33.   At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs for their hours worked.

34.   At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

35.   Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36.   Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

37.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

38.   Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, and unpaid overtime wages , plus an equal amount as liquidated damages.

39.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

40.    Plaintiffs reallege and reaver Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41.    At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

42.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the statutory minimum wage.

43.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

44.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

45.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay minimum wages in the lawful amount for hours worked.

46.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the "spread of hours premium" required by state law.

47.    Defendants willfully violated Plaintiffs' and Class members' rights by improperly deducting meal credits.

48.   Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law § 195(1).

49.   Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

50.   Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, damages for invalid meal credit deductions, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.   An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.  An award of damages of invalid meal credit deductions due under the NYLL;

g.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and "spread of hours" premium pursuant to the New York Labor Law;

j.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.  An award of liquidated and/or punitive damages as a result of Defendants' willful deduction of invalid meal credit pursuant to the NYLL; Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiffs as Representatives of Class; and

n.  Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 11, 2018

<div style="margin-left: 40%;">

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*


By: /s/ C.K. Lee_____
    C.K. Lee (CL 4086)

</div>