# Lee Litigation Group, PLLC

30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:     212-465-1124
                     taimur@leelitigation.com

October 3, 2018

**Via ECF**
The Honorable Gabriel W. Gorenstein, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>   Re:   *Pacheco v. Chickpea at 14th Street, Inc., et al.*
>         Case No. 18 CV 251 (JMF) (GWG)

Dear Chief Magistrate Judge Gorenstein:

We represent Plaintiff in the above referenced matter. This letter is respectfully submitted in response to Defendants' letter dated October 2, 2018 (*see* Dkt. No. 125), where Mr. Nuwesra requests (i) a "Due Process Hearing" and (ii) reconsideration of the Court's June 29, 2018 Discovery Order, which was filed at Dkt. No. 80. Further, we respectfully request a pre-motion conference in connection with Plaintiff's anticipated motion for sanctions pursuant to Fed. R. Civ. P. 11 against Mr. Nuwesra, based on his signing and submission of the above-mentioned motion for reconsideration of the Court's June 29, 2018 Discovery Order.

## I.   MR. NUWESRA'S REQUEST FOR A "DUE PROCESS HEARING"

We are frankly confused by Mr. Nuwesra's request for a so-called "Due Process Hearing". We understand that sanctions proceedings in federal court may implicate procedural due process concerns, as the Court is a governmental actor. However, Mr. Nuwesra gives no indication of why he believes the Court's procedures are violating his constitutional due process rights. Rather, Mr. Nuwesra's letter indicates that his aim in asking the Court to convene a "Due Process Hearing" is to air various unfounded grievances against Plaintiff's counsel during an in-person hearing.

To the extent that Mr. Nuwesra seeks a hearing regarding the imposition of sanctions against him, we have no objection to such a hearing. We respectfully request, that during any such hearing, the Court address Defendants' willful violations of Court-mandated discovery obligations (including, but not limited to the June 29, 2019 Order), Plaintiff's contemplated Rule 11 motion (discussed below) and the other sanctions contemplated in the Court's September 4, 2018 Order (Dkt. No. 108). However, we are compelled to point out that Mr. Nuwesra's attacks on Plaintiff's counsel in this section of the letter are baseless and, moreover, immaterial.

Mr. Nuwesra's hyperbolic allegations of lies, "character assassination" and an assortment of other improper litigation conduct against Plaintiff's counsel ignore that Plaintiff's applications to the Court at Dkt. No. 99 and Dkt. No. 104 (among other applications made by Plaintiff) and the Court's own September 4, 2018 Order were precipitated by Defendants' ongoing refusal to comply with the Court's June 29, 2018 Discovery Order (*see* Dkt. No. 80) and other Court orders,

Defendants' persistent refusal to meet and confer regarding discovery, Defendants' repeated failures to meet Court-imposed deadlines, Defendants' insistence on engaging in frivolous motion practice, Mr. Nuwesra's improper conduct and misrepresentations, and other well-documented derelictions by Defendants and Mr. Nuwesra. The record of this case makes it evident that whatever reputational harm Mr. Nuwesra claims to have suffered at our hands is in fact self-inflicted.

In a truly bizarre effort to justify his over-the-top attacks on Plaintiff's counsel, Mr. Nuwesra accuses the undersigned of the following misdeeds, which he purports to equate with serious misconduct: (i) refusing to acknowledge a purported one-minute long telephone call with Mr. Nuwesra that he claims occurred on August 7, 2018 and (ii) misrepresenting that Mr. Nuwesra claimed during a subsequent call on August 8, 2018 that he was "incapacitated", "or… any words to that effect". As to the purported one-minute long August 7, 2018 telephone call, as I have informed Mr. Nuwesra, I have no recollection or record of speaking with Mr. Nuwesra on that day.[1] As to Mr. Nuwesra's claim that I misrepresented what he said during the August 8, 2018 call, this is belied by Mr. Nuwesra's own description of the same conversation in his September 6, 2018 submission: "I tied [sic] to explain that due to my Medical/Mental status, coupled with my medication, I could not meaningfully or effectively discuss anything of consequence." *See* Dkt. No. 109. In other words, he was "incapacitated".[2]

More to the point, these issues are utterly and unquestionably immaterial and trivial. Whether Mr. Nuwesra and I had a one-minute long telephone call on August 7, 2018 regarding Mr. Nuwesra's claimed health problems simply *does not matter* (as detailed at Dkt. No. 99, Mr. Nuwesra and I had a call the next day substantively identical to Mr. Nuwesra's description of the purported August 7, 2018 call, and, more significantly, Mr. Nuwesra refused to meet and confer regarding discovery, which was the underlying purpose of our communication, for the remainder of the month). Whether Mr. Nuwesra described himself as "incapacitated" or used some analogous phrase to describe his condition is of even less moment. Mr. Nuwesra provides no explanation for why he believes these so-called "falsehoods" to be prejudicial to him or his clients, because no viable explanation exists.

I am constrained to put time and effort into refuting these meritless and trivial accusations here because Mr. Nuwesra has repeatedly raised the same issues, in an effort to falsely smear me as dishonest, and no doubt to distract from his own misrepresentations[3] and his pattern of vexatious conduct during these proceedings (which, as discussed below, continues unabated with

---

[1] In his submission dated September 6, 2018, Mr. Nuwesra indicates that I initiated the purported August 7, 2018 call. *See* Dkt. No. 109. However, in the October 2, 2018 letter, Mr. Nuwesra implies that he was the one who initiated said call. *See* Dkt. No. 125 ("…Attorney Taimur Alamgir insisted that I never called him…"). This inconsistency demonstrates that Mr. Nuwesra himself is unsure of how this purported one-minute call transpired, notwithstanding his insistence on leveling accusations.

[2] Per Dictionary.com, "incapacitated" is defined as follows: "unable to act, respond, or the like (often used euphemistically when one is busy or otherwise occupied)."

[3] In a footnote in the October 2, 2018 letter, Mr. Nuwesra claims to have scheduled two meetings with Defendants for the purpose of discussing outstanding discovery (both of which were subsequently cancelled). This is inconsistent with Mr. Nuwesra's Declaration at Dkt. No. 118 (submitted in compliance with the Court's Order at Dkt. No. 108), which makes no reference to any scheduling calls or meetings with Defendants, and includes no other entries supporting Mr. Nuwesra's claims that he conferred with his clients in an effort to address Defendants' non-compliance with discovery during the month of August. *See* Dkt. No. 108.

Defendants' untimely, dilatory, and patently frivolous reconsideration motion). In a similar fashion, Mr. Nuwesra attempts to malign Plaintiff's counsel for the second time[4] by attaching to the October 2, 2018 letter a tabloid article (which he misrepresents as a scholarly work) with no relevance to this case, simply because it portrays Plaintiff's counsel unfavorably. Trumped-up and gratuitous accusations lacking in both significance and relevance such as these have been a hallmark of Mr. Nuwesra's submissions to the Court during these proceedings. These tactics are frankly pathetic and clearly demonstrative of bad faith. We respectfully request that the Court address this persistent vexatious behavior at any "Due Process Hearing" convened pursuant to Mr. Nuwesra's request, and consider it in determining whether Mr. Nuwesra should be sanctioned under the Court's September 4, 2018 Order (Dkt. No. 108).

## II. PLAINTIFF'S CONTEMPLATED MOTION FOR RULE 11 SANCTIONS AGAINST MR. NUWESRA, BASED ON HIS SUBMISSION OF DEFENDANTS' UNTIMELY, DILATORY, AND PATENTLY FRIVOLOUS RECONSIDERATION MOTION

**Rule 11 Standards**

Pursuant to Rule 11, "an attorney has an affirmative duty to make reasonable inquiry into the facts and the law." *Perez v. Posse Comitatus*, 373 F.3d 321, 324 (2d Cir. 2004). Describing this duty, Rule 11 provides, in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

An attorney who breaches this obligation is subject to sanctions under Rule 11(c). The specific grounds for Plaintiff's putative Rule 11 motion against Mr. Nuwesra, which we intend to submit in the event that the reconsideration motion is not timely withdrawn,[5] are set forth below:

---

[4] The same exhibit was attached to a prior letter by Mr. Nuwesra to Judge Furman. Dkt. No. 115, EXHIBIT 7. There, too, it was completely irrelevant to the issues presented and submitted for purely vexatious purposes.

[5] A letter identifying the same, above-stated grounds for Plaintiff's contemplated Rule 11 motion and the putative notice of said motion will be served on Mr. Nuwesra tomorrow via hand delivery and email, thereby initiating the 21-

**Rule 11 Sanctions Are Warranted Based On The Reconsideration Motion's Extreme Untimeliness**

As a request for reconsideration of a non-final, non-appealable Order decided on motion, the motion for reconsideration is governed by S.D.N.Y. Local Civil Rule 6.3. No other rule provides for reconsideration under these circumstances. As to timing, Local Rule 6.3 provides, in relevant part, that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."

The reconsideration motion here is outrageously untimely (as well as procedurally improper, inasmuch as Local Rule 6.3 requires such a motion to be made on notice). The Order that Defendants now ask the Court to reconsider was issued on June 29, 2018, 94 days before their reconsideration motion was filed. See Dkt. No. 80. The June 29, 2018 Order was instituted as a direct result of Mr. Nuwesra's failure to substantively oppose a motion to compel discovery production filed by Plaintiff. *See* Dkt. No. 80. The Court subsequently ordered Defendants to produce the discovery materials due under the June 29, 2018 Order, no later than July 27, 2018, 66 days before their motion was filed. *See* Dkt. No. 91. Defendants failed to do so. On September 4, 2018, 27 days before their motion was filed, the Court ordered Defendants and Mr. Nuwesra to explain why they should not be sanctioned pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 16(f) for failing to comply with "previously-ordered discovery obligations in this case," including the June 29, 2018 Order.

In view of the procedural history detailed above, there is no non-frivolous basis for even allowing the motion for reconsideration to *proceed* at this juncture, much less granting same. It is apparent from the filing of this motion, a full 80 days after the applicable deadline for same, and almost a month after the issuance of an Order requiring Defendants to explain their non-compliance with the Order that they now seek reconsideration of on pain of sanctions, that Defendants' reconsideration motion was filed for vexatious and improper purposes.

**Rule 11 Sanctions Are Warranted Because The Motion For Reconsideration Is Another Dilatory Tactic To Avoid Complying With Discovery Obligations**

Pursuant to the Court's September 4, 2018 Order, Mr. Nuwesra, Defendant Himani, and Mr. Ronald Siegel came to my office on September 20, 2018 to meet and confer regarding outstanding discovery issues. During this meeting, Defendants agreed to produce all outstanding discovery materials due pursuant to the June 29, 2018 Order no later than October 10, 2018 (I agreed to this generous deadline, notwithstanding that the materials to be provided were already months overdue, to accommodate Mr. Nuwesra's schedule). See **EXHIBIT A**. It is clear from Defendants' submission of the reconsideration motion that they do not take the commitments made at the September 20, 2018 meeting seriously (even though the meeting was conducted

---

day Rule 11 "safe harbor" period. *See Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012) (holding that service of a "Rule 11 letter" and notice of motion satisfies Rule 11 "safe harbor" notice requirement). We respectfully request that the Court hold the pre-motion conference requested within the next 3 weeks, during the "safe-harbor" period. Of course, if the motion for reconsideration is withdrawn during the "safe harbor period", this pre-motion request will likewise be moot.

pursuant to Court Order). The reconsideration motion is an obvious tactic to further delay compliance with Court-Ordered discovery obligations.

**Rule 11 Sanctions Are Warranted Because The Motion For Reconsideration Is Patently Frivolous**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011). Defendants claim that reconsideration of the June 29, 2018 Order is warranted here, based on "the availability of new evidence" and "to prevent manifest injustice". Both of these assertions are plainly untrue. Moreover, the substantive arguments set forth by Mr. Nuwesra for why reconsideration of the June 29, 2018 Order is appropriate are self-evidently frivolous.

"To be the basis for reconsideration, new evidence must have been not previously available to the movant or opponent." *City of Almaty, Kazakhstan v. Ablyazov*, No. 1:15-cv-05345 (KHP) (AJN), 2017 U.S. Dist. LEXIS 138231, at *8 (S.D.N.Y. Aug. 7, 2017) (internal citations and quotation marks omitted). Mr. Nuwesra argues that Plaintiff's deposition testimony is fatal to any conditional collective certification motion, and that Defendants should not have to make the discovery production required pursuant to the June 29, 2018 Order on that basis. However, as Plaintiff's deposition took place on June 5, 2018, *before* the motion practice that resulted in the June 29, 2018 Order of which reconsideration is sought, Defendants' claim that such evidence is "new" is obviously false. Despite having Plaintiff's deposition transcript, Mr. Nuwesra failed to substantively oppose the motion resulting in the issuance of the Order at the time. Moreover, Mr. Nuwesra's assertion that the June 29, 2018 Order should be overturned on the basis of a yet-to-be-decided conditional collective certification motion is outrageous, especially as the Order issued before Plaintiff even sought collective certification in this case, and as Defendants' opposition to the 216(b) motion may be stricken as untimely.

Defendants' arguments for reconsideration based on the related matter under Docket No. 18-CV-6907 are unquestionably baseless. There is no possibility of "manifest injustice" to Defendants from the production of discovery due under the June 29, 2018 Order. Mr. Nuwesra's purported concerns about Plaintiff acquiring illegitimate discovery and using it for allegedly nefarious purposes in the case under Docket No. 18-cv-6907 do not make sense, given that there is a confidentiality Order in this case preventing that from occurring. Finally, Mr. Nuwesra's apparent belief that we will somehow do "manifest injustice" to undocumented immigrants working for Defendants based on the discovery to be provided is outrageous, offensive, and clearly pretextual.

For the foregoing reasons, the Court should grant this pre-motion request.

Respectfully submitted,

*/s/ Taimur Alamgir*
Taimur Alamgir, Esq.

cc:     Defendants via ECF