LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
Taimur Alamgir (TA 9007)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JORGE PACHECO,<br>*on behalf of himself, FLSA Collective Plaintiffs*<br>*and the Class*, | Case No.: 18 CV 251 |
| Plaintiff, | **SECOND AMENDED**<br>**CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT** |
| v. | |
| CHICKPEA AT 14TH STREET INC.,<br>CHICKPEA AT LIC, INC.,<br>CHICKPEA AT PENN INC.,<br>CHICKPEA INTERNATIONAL INC.,<br>CHICKPEA ON 6TH AVENUE INC.,<br>C P AT WILLIAM ST. INCORPORATED<br>    d/b/a CHICKPEA<br>CP AT 45th ST INCORPORATED<br>    d/b/a CHICKPEA<br>C P AT LEXINGTON AVENUE INCORPORATED<br>    d/b/a CHICKPEA,<br>C P AT MADISON AVENUE INCORPORATED<br>    d/b/a CHICKPEA,<br>ALIMADE LLC<br>    d/b/a CHICKPEA,<br>SANAA ENTERPRISES, INC<br>    d/b/a CHICKPEA,<br>AKBARALI HIMANI,<br>and RONALD SIEGEL, | |
| Defendants. | |

---

1

Plaintiffs, JORGE PACHECO, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Second Amended Class and Collective Action Complaint against Defendants, CHICKPEA AT 14TH STREET INC., CHICKPEA AT LIC, INC., CHICKPEA AT PENN INC., CHICKPEA INTERNATIONAL INC., CHICKPEA ON 6TH AVENUE INC., C P AT WILLIAM STREET INCORPORATED d/b/a CHICKPEA, CP AT 45th ST INCORPORATED d/b/a CHICKPEA,  C P AT LEXINGTON AVENUE INCORPORATED d/b/a CHICKPEA, C P AT MADISON AVENUE INCORPORATED d/b/a CHICKPEA, SANAA ENTERPRISES, INC. d/b/a CHICKPEA, ALIMADE LLC d/b/a CHICKPEA ("Corporate Defendants"), AKBARALI HIMANI, and RONALD SIEGEL (the "Individual Defendants," and together with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime premium, (2)  liquidated damages and (3 ) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premium, (3) unpaid "spread of hours" premium, (4) compensation for invalid meal credit deductions, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.    Plaintiff, JORGE PACHECO, for all relevant time periods, was a resident of Queens County, New York.

6.    Corporate Defendants:

(a) CHICKPEA AT 14TH STREET INC.  is a domestic corporation organized under the laws of the State of New York with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(b) CHICKPEA AT LIC, INC.  is a domestic corporation organized under the laws of the State of New York, with  an address for service of process at 15 Waverly Place, New York, New York 10003;

(c) CHICKPEA AT PENN INC.  is a domestic corporation organized under the laws of the State of New York, with  an address for service of process at 15 Waverly Place, New York, New York 10003;

(d) CHICKPEA INTERNATIONAL INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(e) CHICKPEA ON 6TH INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(f)  C P AT WILLIAM STREET INCORPORATED d/b/a CHICKPEA is a corporation organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

3

(g) CP AT 45th ST INCORPORATED d/b/a CHICKPEA is a corporation organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(h) C P AT LEXINGTON AVENUE INCORPORATED d/b/a CHICKPEA is a corporation organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(i) C P AT MADISON AVENUE INCORPORATED d/b/a CHICKPEA is a corporation organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(j) SANAA ENTERPRISES, INC. d/b/a CHICKPEA is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(k) ALIMADE LLC d/b/a CHICKPEA is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

7.    Individual Defendants:

(a) AKBARALI HIMANI is the president, chief executive officer, and/or managing principal or member of all of the Corporate Defendants. AKBARALI HIMANI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. At all times, employees could complain to AKBARALI HIMANI directly regarding

any of the terms of their employment, and AKBARALI HIMANI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. AKBARALI HIMANI regularly visits each of the Chickpea Restaurants and he directly reprimands any employee who does not perform his duties correctly.

AKBARALI HIMANI additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. AKBARALI HIMANI exercises functional control over the business and financial operations of all Corporate Defendants. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Chickpea Restaurants are operating efficiently and profitably.

(b) RONALD SIEGEL is the Chief Operating Officer and a senior managerial official of all of the Corporate Defendant. RONALD SIEGEL exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. At all times, employees could complain to RONALD SIEGEL directly regarding any of the terms of their employment, and RONALD SIEGEL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. RONALD SIEGEL regularly visits each of the Chickpea Restaurants and he directly reprimands any employee who does not perform his duties correctly.

5

RONALD SIEGEL additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. RONALD SIEGEL exercises functional control over the business and financial operations of all Corporate Defendants. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Chickpea Restaurants are operating efficiently and profitably.

8.     Together, Defendants operate a restaurant and catering enterprise under the common trade name "Chickpea." Chickpea operates seven restaurant locations in New York State and facilitates corporate catering throughout the New York City area via the internet. The Chickpea Restaurants are located (or were formerly located) at the following addresses:

(a) 1413 Madison Avenue, New York, New York 10029 ("Chickpea Madison Avenue");

(b) 42-09 28th Street, Long Island City, New York, 11101 ("Chickpea LIC");

(c) 210 East 14th Street, New York, New York 10003 and 64 West 14th Street, New York, NY 10011 ("Chickpea at 14th Street");

(d) AMTRAK Concourse Level, Penn Station 34th Street, New York, New York 10001 ("Chickpea Penn Station AMTRAK");

(e) LIRR Concourse Level, Penn Station 34th Street, New York, New York 10001 ("Chickpea Penn Station LIRR");

(f) 110 William Street, New York, New York 10038 ("Chickpea Lower Manhattan");

(g) 688 6th Avenue, New York, NY 10010 ("Chickpea at 6th Avenue");

(h) 601 Lexington Avenue, New York, NY 10022 ("Chickpea Lexington Ave.") and

(i)  45 East 45th Street, New York, New York 10017 ("Chickpea at 45th St.").

Collectively (including the online catering service), the "Chickpea Restaurants."

9.    The Chickpea Restaurants operate as a single integrated enterprise. Specifically, the Chickpea Restaurants are engaged in related activities, share common ownership and have a common business purpose.

(a) The Chickpea  Restaurants are commonly operated by the Defendants. Defendant AKBARALI HIMANI is the owner of each of the Chickpea Restaurants (through his 100% ownership of the shares of each of the named Corporate Defendants).

(b) The Chickpea Restaurants have the same corporate leadership. Individual Defendant AKBARALI HIMANI is the President and Chief Executive Officer of the Corporate Defendants, and in charge of all aspects of management and operations for each of the Chickpea Restaurants.

(c) RONALD SIEGEL is the Chief Operating Officer of the Chickpea Restaurants and a senior officer of all Corporate Defendants. RONALD SIEGEL personally visits and handles day-to-day management issues at each of the Chickpea Restaurants.

(d) Akbarali Himani is the guarantor of the lease for the premises at which each of the Chickpea Restaurants are located.

(e) The Chickpea  Restaurants share a central corporate headquarters located at 15 Waverly Place, New York, New York 10003.

(f) Rent invoices and vendor bills for each of the Chickpea Restaurants are sent to the Chickpea corporate headquarters at 15 Waverly Place, New York,

New York 10003. Payment on such invoices and vendor bills is centrally issued from the same address.

(g)   The Chickpea  Restaurants share a common logo and corporate slogan ("Always Baked, Never Fried") that appears on their website and on each store front, serve similar menu items and are advertised jointly as a common enterprise on Defendants' website listing its numerous locations, http://www.getchickpea.com (*See* **Exhibit 1**).

(h)   The trademark for the Chickpea logo displayed at each of the Restaurants is held by corporate Defendant CHICKPEA INTERNATIONAL, INC.

(i)   The Chickpea Restaurants are also advertised jointly on the Chickpea Facebook page (https://www.facebook.com/GetChickpea/) (*See* **Exhibit 2**), Twitter Page (https://twitter.com/chickpeanyc?lang=en) (*See* **Exhibit 3**) and Instagram Page.(https://www.instagram.com/ilovechickpea/?hl=en) (*See* **Exhibit 4**).

(j)   Defendants' website allows customers to place online orders and catering orders at any of the Chickpea Restaurants, (https://ordering.chownow.com/order/417/locations) (*See* **Exhibit 5** ).

(k)   The Chickpea  Restaurants also use one common phone number, fax number and e-mail address (info@getchickpea.com ) (*See* **Exhibit 6**).

(l)   Supplies, goods and employees are interchangeable amongst the Chickpea Restaurants. During his employment period, Plaintiff PACHECO was frequently transferred between the Chickpea Restaurants in Penn Station by Defendants and managerial employees of Chickpea, on an as needed basis. Other employees who worked with Plaintiff PACHECO at the two

Chickpea Restaurants in Penn Station, including, but not limited to, Sergio [LNU] (a food preparer), Katherine [LNU] (a cashier and food preparer), Javier [LNU] (a food preparer), and Salvador [LNU] (a grill man) were regularly required by Defendants to work on an as needed basis at all of the Chickpea Restaurant locations, including the two locations in Penn Station as well as Chickpea Madison Ave, Chickpea at 45th St., Chickpea LIC, Chickpea at William St., and Chickpea at 14th St.

(m) The Chickpea Restaurants maintain centralized labor relations, human resources, and payroll operations. Employment policies apply across the Chickpea Restaurants, and are formulated centrally by AKBARALI HIMANI, RONALD SIEGEL, and other senior officials of the Chickpea Restaurants.

(n)  Pursuant to a contractual arrangement between Red Mango, Inc. and Defendants, Red Mango, Inc. sells "Red Mango" branded frozen yogurt at Chickpea Madison Ave., Chickpea at 14th St., Chickpea at 45h St., Chickpea Penn Station LIRR and Chickpea Penn Station Amtrak.

10.   At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.   At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

12.  Although Plaintiff did not work at each of Defendants' Chickpea Restaurants, all are appropriately named in this Complaint. Because the Chickpea Restaurants share identical illegal wage and hour policies, they (and all relevant Corporate Defendants) are properly named, based on their outstanding liability to the Class members who Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.   Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, servers, delivery persons, food preparers, cooks, line-cooks, dishwashers, cleaning persons, counter persons, stock persons, cashiers, and grill persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.   At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the minimum wage and overtime at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.   The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.   Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, servers, delivery persons, food preparers, cooks, line-cooks, dishwashers, cleaning persons, counter

persons, stock persons, cashiers, and grill persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.   All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.   The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19.   Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay the proper minimum wage, (ii) failing to pay overtime premium for hours worked in excess of forty (40) per workweek, (iii) failing to pay spread of hours premium, (iv) deducting meal credits without fulfilling all legal requirements for said deductions, and (v) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class

member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;
>
> b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;
>
> c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;
>
> d)  Whether Defendants properly notified Plaintiff and Class members of their hourly rate and overtime rate;
>
> e)  Whether Defendants provided to Plaintiff and Class members proper wage and hour notices, at date of hiring and as required thereafter, to all non-exempt employees per requirements of the New York Labor Law;
>
> f)  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

13

g) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

h) Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

i) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law; and

j) Whether Defendants improperly deducted meal credits from the wages of Plaintiff and Class members.

**STATEMENT OF FACTS**

24. Plaintiff, JORGE PACHECO:

(a) From the commencement of his employment by Defendants in or about July 2015 to in or about September 2017, Plaintiff PACHECO was employed by Defendants to work for both of Defendants' Penn Station Chickpea Restaurant locations. During his employment, Plaintiff was routinely transferred between the two locations in Penn Station, pursuant to instructions of Defendants and of managerial employees of Chickpea, on an as needed basis, until his termination in September 2017.

(b) From in or about July 2015 until the end of 2016, Plaintiff PACHECO worked as a dishwasher with an approximate regular work schedule as follows: 5:00 a.m. to 3:00 p.m. for six (6) days per week for a total of sixty (60) hours a week. During such period, Plaintiff PACHECO was paid an hourly rate of $8.00 for all hours worked, including all hours worked over forty (40) in a workweek.

(c) From January 2017 to August 2017, Plaintiff PACHECO's schedule remained the same, but his hourly rate increased to $11.00 for all hours worked, including all hours worked over forty (40) in a workweek.

(d) From August 2017 until the conclusion of Plaintiff PACHECO's employment by Defendants in September 2017, Plaintiff PACHECO worked the following approximate hours: Mondays from 5:30 a.m. to 1:00 p.m., Tuesdays, Wednesdays and Thursdays from 5:30 a.m. to 12:30 a.m., Fridays from 5:00 a.m. to 1:00 p.m. and Saturdays from 7:00 a.m. to 2:00 p.m. (for a total of approximately 43.5 hours per week) and was paid an hourly rate of $11.00 for all hours worked, including all hours worked over forty (40) in a workweek.

(c) Plaintiff  PACHECO was paid straight-time at a base hourly rate for all hours worked, including all hours worked over forty (40) in a workweek.

(d) Prior to January 2017, Plaintiff PACHECO was paid at a straight time hourly rate of $8.00, which was below the prevailing New York State minimum wage rate for 2015 and 2016.

(d) Throughout his employment with Defendants, Plaintiff  PACHECO was subject to a daily 30-minute deduction of time from his compensable hours based on a meal break, even though he was required to work throughout his work shifts, and was not permitted to take any free and clear meal breaks. This resulted in unpaid wages and overtime premium.

(e) Even though Plaintiff PACHECO regularly worked shifts exceeding 10 hours in duration during his employment period, he never received any spread of hours premium payments.

(f) Defendants deducted a meal credit from the wages of Plaintiff PACHECO. However, Defendants were not permitted to deduct any meal credits as they did not satisfy the NYLL requirements for taking a meal credit. The meals provided to Plaintiff PACHECO did not include all components required under the NYLL for meal credit deduction to be lawful.

(g) Plaintiff PACHECO was never given any wage and hour notices during his employment by Defendants, either upon hiring, or as and when required thereafter under the NYLL.

(h) Throughout his entire employment, Plaintiff PACHECO was paid in cash, and was not given any form of wage statement on a periodic basis, as required under the NYLL.

25.     Although, like Plaintiff PACHECO, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, Defendants unlawfully failed to pay them either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over forty (40) in a workweek. Plaintiff, FLSA Collective Plaintiffs and Class Members were paid at their straight time base hourly rates for all hours worked.

26.     Plaintiff PACHECO, FLSA Collective Plaintiffs and Class Members were compensated at rates below the prevailing New York State minimum wage rate at all times prior to 2017, in violation of the NYLL.

27.     FLSA Collective Plaintiffs and Class Members were, like Plaintiff PACHECO, subject to a 30-minute deduction from their compensable hours based on a purported meal break. However, like Plaintiff, they were required to work throughout their shifts without any meal break. Like Plaintiff, FLSA Collective Plaintiffs and Class Members suffered unpaid wages and overtime premium, as a result of such unlawful deduction of time from their compensable hours.

28.     At all times relevant, Defendants improperly deducted a meal credit from Plaintiff's and Class members' wages, without satisfying all requirements for taking a meal credit. Plaintiff and Class Members did not receive any meals in compliance with the NYLL's requirements for a meal credit. The meals provided did not include all components required under the NYLL for meal credit deduction to be lawful.

29.    Plaintiff, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded ten hours in length. However, Defendants never paid them the "spread of hours" premium as required by NYLL.

30.    At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage and hour notices or wage statements as required by NYLL. In fact, Defendants paid Class members, including Plaintiff, in cash and did not provide them with a wage statement or any other type of receipt with their payment of wages.

31.    Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF
## PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

32.    Plaintiff realleges and reavers Paragraphs 1 through 31 of this class and collective action Complaint as if fully set forth herein.

33.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

36.    At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

37.    Plaintiff are in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

39.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

40.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, and unpaid overtime wages , plus an equal amount as liquidated damages.

41.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS</u>

42.    Plaintiff realleges and reavers Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

18

43.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

44.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them the statutory minimum wage.

45.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

46.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

47.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay minimum wages in the lawful amount for hours worked.

48.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay the "spread of hours premium" required by state law.

49.     Defendants willfully violated Plaintiff and Class members' rights by improperly deducting meal credits without satisfying all requirements for deducting a meal credit.

50.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law § 195(1).

51.     Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

52.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, damages for invalid meal credit deductions, damages for

unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of damages equal to unlawfully deducted meal credits due under the NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

i.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, unlawfully deducted meal credits and "spread of hours" premium pursuant to the New York Labor Law;

j.   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.   An award of liquidated and/or punitive damages pursuant to the NYLL;

l.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

m.   Designation of this action as a class action pursuant to F.R.C.P. 23;

n.   Designation of Plaintiff as Representative of Class; and

o.   Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 5, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
Taimur Alamgir (TA 9007)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: /s/ C.K. Lee _____
    C.K. Lee (CL 4086)