UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORGE PACHECO,
*on behalf of himself, FLSA Collective Plaintiffs*                ECF CASE
*and the Class,*

                        Plaintiffs,                    18 Civ. 251 (JMF)(GWG)
                                                        [rel. 18 Civ. 6907]
     -against-

CHICKPEA AT 14TH STREET INC.,
CHICKPEA AT HOUSTON INC.,
CHICKPEA AT LIC, INC.,
CHICKPEA AT PENN INC.,
CHICKPEA INTERNATIONAL INC.,
CHICKPEA ON 6TH AVENUE INC.,
C P AT WILLIAM ST. INCORPORATED
       d/b/a CHICKPEA,
CP AT 45th ST INCORPORATED
       d/b/a CHICKPEA,
C P AT LEXINGTON AVENUE INCORPORATED
       d/b/a CHICKPEA,
C P AT MADISON AVENUE INCORPORATED
       d/b/a CHICKPEA,
ALIMADE LLC, d/b/a CHICKPEA,
SANAA ENTERPRISES, INC., d/b/a CHICKPEA,
AKBARALI HIMANI, and RONALD SIEGEL,

                        Defendants.
------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)

Lee Nuwesra, Esq.
*Attorney for Defendants*
One Grand Central Place
60 East 42nd Street, Suite 1132
New York, New York 10165
(212) 370-8707
lnuwesra@optonline.net

**PRELEMINARY STATEMENT**

Defendants, **CHICKPEA AT 14TH STREET INC., CHICKPEA AT HOUSTON INC., CHICKPEA AT LIC, INC., CHICKPEA AT PENN INC., CHICKPEA INTERNATIONAL INC., CHICKPEA ON 6TH AVENUE INC., CP AT WILLIAM ST. INCORPORATED d/b/a CHICKPEA, CP AT 45th ST INCORPORATED d/b/a C P AT LEXINGTON AVENUE INCORPORATED d/b/a CHICKPEA, CP AT MADISON AVENUE INCORPORATED d/b/a CHICKPEA, ALIMADE LLC d/b/a CHICKPEA, SANAA ENTERPRISES, INC. d/b/a CHICKPEA, AKBARALI HIMANI, and RONALD SIEGEL (hereinafter collectively "Defendants")**, by their undersigned Counsel, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint.

On February 5, 2019, Plaintiff Jose Pacheco **("Pacheco")**, filed a Second Amended Complaint **("SAC")**, reasserting a Collective Action under the Fair Labor Standards Act of 1938 **("FLSA")**, on behalf of himself and **"other employees similarly situated,"** pursuant to 29 U.S.C. §216(b). In his FLSA claim, Plaintiff is seeking **(1)** unpaid overtime premium, **(2)** liquated damages and **(3)** attorney's fees and costs.

Plaintiff further brings a Class Action, pursuant to the New York Labor Law **("NYLL")**, seeking **(1)** unpaid minimum wages **(2)** unpaid overtime premium, **(3)** unpaid **"spread of hours" (4)** compensation for invalid meal credit deductions, **(5)** statutory penalties, **(6)** liquated damages, and **(7)** attorney's fees and costs.

It is respectfully submitted that Plaintiff's **SAC** should be dismissed, as will be more fully developed below, for the following reasons:

1

**(A)** Now that fact discovery is completed, and based on the relevant facts adduced therein, Plaintiff's **SAC** should be dismissed as the instant Honorable Court no longer has subject matter jurisdiction over Plaintiff's FLSA claims, as they are no longer justiciable. The United States Supreme Court in *Genesis Healthcare Corp., et al. v. Symczyk*, 569 U.S. 66 (2013), with facts and circumstances akin to the instant Pacheco matter stated: In a Collective action brought by a single employee on behalf of herself and all similarly situated employees for an employer's alleged violation of the FLSA was no longer justiciable when, her individual claim became moot as a result of an Offer of Judgment by employer in an amount sufficient to make her whole, in absence of any claimant opting in, the Collective Action suit became moot when Plaintiff-employee's individual claim became moot, because she lacked any personal interest in representing others in action.

**(B)** Plaintiff Pacheco, who was an undocumented immigrant, during his employment with Defendants, has no standing to represent others in a Collective Action, under 29 U.S.C. §216(b). To allow Pacheco such standing would violate the Immigration Reform and Control Act. ("IRCA").[1] Moreover, to allow such recovery would unjustly enrich him; thus, rewarding him for violating IRCA.

**(C)** Similarly, Plaintiff Pacheco, as an undocumented immigrant, has no standing and should not be allowed to bring a Class Action Claim, under the New York Labor Laws, that would allow him any recovery that is above and beyond what is allowed by the FLSA, relative to his individual/personal entitlement thereunder. To allow Plaintiff Pacheco such a privilege, would violate IRCA's Express Pre-emption Clause, which applies to **"any State or local law imposing**

---

[1] Defendants are mindful of the case law, in this Circuit, allowing undocumented immigrants to bring personal/individual claims under the FLSA. However, those cases did not consider the viability of illegal immigrants to represent a collective group or a class in any action. Accordingly, Defendants respectfully submit that allowing an illegal immigrant to benefit from his illegal conduct/status, would violate IRCA's Policy as enunciated by *Palma v. NLRB*, 703 F 3d 176, 181 (2d Cir. 2013), referencing *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. §137, 151 (2002).

**civil or criminal sanction**" on **persons** who **employ** or assist in the employment of illegal aliens. 8 U.S.C §1324 (a) (h) (2). Under New York State law **"a sanction is generally considered a penalty or coercive measure, such as a punishment for criminal or civil fine for statutory or regulatory violation."** *Balbuena v. IDR Realty LLC*, 6 N.Y. 3d 357 (2006). Here, by allowing Plaintiff the benefit of NYLL's punitive damages awards against Defendants, would run **afoul** of IRCA's Policy.

## RELEVANT PROCEDURAL HISTORY

Plaintiff filed his initial Complaint in this action on 1-11-2018. **(See Docket Sheet Document No.1)**. On 5-9-2018, Plaintiff filed his First Amended Complaint **("FAC") (Doc. No. 53)**. On 6-5-2018, Plaintiff was deposed by Defendants. And on 6-29-2018, Plaintiff deposed Defendants' Director of Operations, Mr. Ronald Siegel. On 7-1-2018, as a result of Plaintiff's Deposition, and that of Mr. Siegel, Defendants served Plaintiff with an FRCP Rule 68, Offer of Judgment. **(See Exhibit "B")** [2]. On 7-11-2018, Plaintiff filed a Motion to Certify Collective Class, pursuant to 29 U.S.C. §216(b) **(Doc. No. 88)**. On 8-31-2018, Defendants filed their Opposition to such Application **(Doc. 105)**. On 11-6-2018, Plaintiff filed his Reply, and said Motion was fully briefed as of the same date. **(Doc. No. 141)**. On 1-17-2019, Chief Magistrate Judge, the Honorable Gabriel W. Gorenstein held Oral Argument on Plaintiff's Collective Action Application, pursuant to 29 U.S.C. §216 (b). On 1-18-2019, Judge Gorenstein issued an Order, granting Plaintiff's Motion, in part, to Certify Collective Class, for the reasons stated, by the Court, on the record, announced on 1-17-2019. **(Doc. 173)**. On 1-24-2019, the Transcript of the Proceedings regarding the Oral Argument and Decision placed on the record on 1-17-2019, became available to the Parties. **(Doc. Nos. 176-177)**.

---

[2] **All Exhibits referenced in this Memorandum of Law, are attached to the Nuwesra Declaration, dated 3-7-2019, annexed hereto.**

In essence, Judge Gorenstein's approval of Plaintiff's Collective Certification, pursuant to 29 U.S.C. FLSA §216 (b) only pertains to Plaintiff Pacheco's alleged break-time shaving. **(See Exhibit "C")**.

## RELEVANT STATEMENT OF FACTS

### A. The Deposition Testimony of Ronald Siegel.

On 6-29-2018 Plaintiff deposed Mr. Ronald Siegel, Defendants' Director of Operations, as the Corporate Representative. During Mr. Siegel's deposition by Plaintiff's Counsel, Mr. C.K. Lee, in relevant part to this Motion, Mr. Siegel testified as follow: Mr. Pacheco was paid in cash, while employed by Defendant Chickpea at Penn Station. That no deductions were made from Mr. Pacheco's pay. And the reason for no such deductions, was on account of Mr. Pacheco's **undocumented immigration status,** explaining that **"He did not have papers" (Siegel's Deposition at pages 68-71)**[3].

In a related action, 18 Civ. 6907 (JMF) (GWG), filed by the same Plaintiff, at paragraph 25 of his Amended Complaint, Mr. Pacheco citing to Mr. Siegel's testimony stated: **"Ronald Siegel … testified that no withholding tax or FICA payments were taken out of Plaintiff's compensation, and that the reason he was paid in cash was because he was 'undocumented.'"**[4] Moreover, nowhere in said Amended Complaint does Mr. Pacheco deny that he was not undocumented, during the relevant time period, while employed by Defendants.

---

[3] A copy of Mr. Siegel's relevant deposition testimony is attached to Nuwesra's Declaration as Exhibit "D".
[4] A copy of Plaintiff's Amended Complaint, 18 Civ. 6907 (JMF)(GWG), is attached to Nuwesra's Declaration as Exhibit "E".

### B. The Deposition Testimony of Plaintiff Pacheco

On 6-5-2018, Defendants deposed Plaintiff.  Mr. Pacheco testified that he never received a steady salary, as his weekly wages **"always"** changed.  **(Plaintiff's Dep. at pg. 71)**.[5] Moreover, he testified that in 2017, he did get **$11.00** an hour.  *(Id.)*. Mr. Pacheco further testified that he received his weekly pay in an envelope, and checked the amount, in front of the Manager.  **(*Id*. at pg. 72)**.

Mr. Pacheco further testified that when checking his pay, there were times when some of the money was not accurate, **emphasizing** that it did not happen a lot, and on those occasions, that it did, the pay was missing **"like $10.00 or so"**.  **(Plaintiff's Dep. at pg. 72)**. He explained that when the pay was missing the appropriate amount, Mr. Pacheco would complain to the Manager, and the following week Plaintiff would get what he was entitled to. **(*Id*. at pg. 73)**.  Plaintiff also indicated that after checking his pay, he would compare it to the cash amount in the envelope, and sign an acknowledgement of same. *(Id.)*.

During his Deposition, Plaintiff conceded that he never discussed with other employees their pay.  **(Plaintiff's Dep. at pgs. 87-89, and 101-102)**.  Most significantly, Plaintiff testified that he did not try to get any of his former co-workers to join his lawsuit.  **(*Id.* at pg. 98)**.  Mr. Pacheco testified, emphasizing that he only brought his lawsuit on his own behalf. *(Id.).*  Additionally, Plaintiff acknowledged that the other employees, performed different duties, such as Cashier, Grill Person, and Customer Service. **(*Id.* at 87-89)**. Importantly, while Mr. Pacheco received his pay in cash, others were paid by Check. **(*Id.* at pg. 88)**.

---

[5] A copy of Plaintiff Pacheco's relevant deposition testimony is attached to Nuwesra's Declaration as Exhibit "F".

5

## LEGAL ARGUMENT

## POINT 1

### THE LEGAL STANDARD FOR DISMISSAL PURSUANT TO F.R.C.P. 12 (b)(1).

Before the Federal Court can hear a case, it must be satisfied that it has subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682 (1946) **(Issue of whether complaint states cause of action, should be decided after court determines that it has jurisdiction)**. **"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), when the district court lacks the statutory or constitutional power to adjudicate it."** *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of Plaintiffs, because subject matter jurisdiction must be shown affirmatively. See *id.*; *Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992); *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). **"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."** *Makarova*, 201 F.3d at 113.

## POINT II

### DEFENDANTS' RULE 68 TENDER DEEMS PLAINTIFF PACHECO'S COLLECTIVE ACTION CLAIM MOOT

In *Genesis Health Care Corp. v. Symczyk*, 569 U.S. 66 (2013), the Supreme Court faced with similar facts to the instant Pacheco matter, held that because Plaintiff-Respondent Symczyk,

had no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness, her suit was appropriately dismissed, by the District Court for lack of subject-matter jurisdiction.

The facts and circumstances of the *Symczyk* matter are eerily similar to this case. In *Symczyk*, Defendants made a Rule 68 Offer to Ms. Symczyk fully satisfying her claim. After she ignored Defendants' offer of Judgment under Fed. R. Civ. Pro. 68, the District Court, finding that no other individuals had joined her suit and the Offer fully satisfied her claim, the Court concluded that Plaintiff Symczyk suit was moot and dismissed it for lack of subject matter jurisdiction. Although the Third Circuit disagreed with the lower Court, the Supreme Court held that the Trial Court was correct in dismissing Symczyk's Collective Action claim.

Similarly, here in *Pacheco*, after the conclusion of Plaintiff's and the Employers' Director of Operations' testimony; Defendants tendered to Plaintiff a Rule 68, Offer of Judgment. for the sum of **$6,500**, plus Attorneys' fees and costs, through 7-1-2018. This amount more than fully satisfied Plaintiff's claim. Moreover, to date, no other individuals have joined Pacheco's instant lawsuit. This is not due to any lack of trying by Plaintiff. Mr. Pacheco's Counsel have been attempting to recruit Opt-In individuals, since at least October 2017. **(See Exhibit "G")**. The documentary evidence produced/exchanged, during discovery, showed that Plaintiff Pacheco worked at Chickpea a total of ninety-nine **(99)** weeks, between 7-26-2015 and 9-30-2017. **(See Exhibit "H")**.

Plaintiff's FLSA claim for unpaid overtime premium, as a result of allegation that he had to work through his thirty **(30)** minutes daily break. He also claimed that he worked 5-6 days a week. Assuming the truth of Mr. Pacheco's allegations, regarding his shaved off break time, and the admissible evidence before this Court; the most Plaintiff would be entitled to is: **$1,388.63**, for

the manually deducted lunch break hours, during his tenure with Chickpea **(See Exhibit "I")**. Moreover, even with the additional **$1,388.63**, representing liquidated damages under the FLSA, Plaintiff's total recovery falls short of the tendered Rule 68 amount of $6,500.00. Accordingly, and based on the foregoing, Defendants respectfully submit that this Court has not subject matter. Therefore, Plaintiff's SAC should be dismissed with prejudice.

## POINT III

### THE STANDARD FOR DISMISSAL UNDER FED. R. CIV. PRO 12 (b) (6)

Under Federal Rule of Civil Procedure 12(b) (6), an action may be dismissed for failure to state a claim upon which it can be granted. The Plaintiff must allege facts that support **each** element of the Claim advanced. These facts must be sufficient to **"State a claim to relief that is plausible on its face"** *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2009). Moreover, this requires that the Plaintiff do more than **"plead facts that are merely consistent with defendant's liability,"** and the facts pled must **"allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."** *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). **The Complaint must not only allege but also show that the Plaintiff is also entitled to relief**. Id. at 679.

## POINT IV

### THE FEDERAL IMMIGRATION POLICY AS EXPRESSED BY CONGRESS IN IRCA PROHIBITS PLAINTIFF PACHECO'S NYLL CLAIMS

To allow Mr. Pacheco, an undocumented immigrant, not authorized to work in the United States at the relevant time, the benefits of bringing any allegations under the New York Labor Law **("NYLL")**; conflicts with IRCA's Express Preemption Clause. IRCA's express preemption clause is relevant to **"any State or local law imposing civil or criminal sanctions"** on persons who **employ** or assist in the employment of illegal aliens 8 U.S.C. §1324(a)(b)(2). **"a sanction is**

8

**generally considered a penalty or coercive measure, such as a punishment for a criminal act or civil fine for statutory or regulatory violation"**. *Balbuena v. IDR Realty LLC*. 6 N.Y. 3d 357 (2006). Here, all of Plaintiff's additional NYLL claims, besides his allegation of the shaving off of the break time, were enacted by New York State to punish and or fine employers, such as Defendants. Plaintiff's NYLL Claims seek punitive, liquidated or other civil fines, pursuant to NYLL §§ 195 and 198 **(See Exhibit A, Paragraphs 50-52)**.

## POINT V

### PLAINTIFF PACHECO AS AN UNDOCUMENTED ALIEN HAS NO STANDING TO BRING FLSA PUTATIVE COLLECTIVE ACTION OR CLASS ACTION UNDER NYLL

Mr. Pacheco, as an illegal alien has no standing to act as a Class Representative, under Rule 23, of the Federal Rule of Civil Procedures. In *Hoffman Plastic Compounds, Inc.*, v. NLRB, 535 U.S. 137, 151 (2002), the Supreme Court addressed the potential for conflict between the Immigration Reform and Control Act of 1986 **("IRCA")**, and allowing undocumented immigrants rights for benefits above or beyond renumerations for work actually done by a Plaintiff. The *Hoffman* Court held that undocumented aliens, who have not been legally authorized to work in the United States are foreclosed by Federal Immigration Policy, from receiving certain benefits; i.e., back pay awards. *Hoffman* at 151, See also *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883 (1984). Therefore, Plaintiff Pacheco should be foreclosed from acting as a putative class representative. Furthermore, for the foregoing reasons, and the reasons stated in Point IV, above; Plaintiff Pacheco's Class Action Claims, under NYLL should also fail.

**CONCLUSION**

For the reasons set forth above, the legal papers and exhibits submitted with this Motion, Defendants respectfully request that their Motion to Dismiss Plaintiff's Second Amended Complaint be granted in its entirety; and that this Honorable Court award them attorney's fees and costs expended in bringing this Motion; and for other relief this Court deems just and equitable.

Dated: New York, NY  
      March 7, 2019

Respectfully Submitted,

By:_____/s/_____
Lee Nuwesra, Esq.
*Attorney for Defendants*
Law Offices of Lee Nuwesra
One Grand Central Place
60 East 42nd Street, Suite. 1132
New York, NY 10165
Tel. #: (212) 370-8707
Email:  lnuwesra@optonline.net