UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
:
JORGE PACHECO, et al.,                                    :
:
                              Plaintiffs,           :                18-CV-251 (JMF)
:
      -v-                                              :       MEMORANDUM OPINION
:       AND ORDER ADOPTING
CHICKPEA AT 14th STREET INC., et al,           :       REPORT AND
:       RECOMMENDATION
                            Defendants.        :
:
------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

      On March 7, 2019, Defendants filed a motion to dismiss the Second Amended Class and Collective Action Complaint. *See* ECF No. 189. Thereafter, the Court referred the motion to Magistrate Judge Gorenstein for a Report and Recommendation. *See* ECF No. 192. On May 30, 2019, Magistrate Judge Gorenstein filed a Report and Recommendation recommending that the motion be denied. *See* ECF No. 230 ("R&R"). Thereafter, Defendants filed timely objections. ECF No. 246 ("Defs.' Mem.").

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "A proper objection requires reference to a specific portion of the magistrate judge's recommendation; if a party makes only conclusory or general objections or simply reiterates his original arguments," a district court need only satisfy itself that there is no clear error on the face of the record. *Gutman v. Klein*, No. 03-CV-1570 (BMC), 2008 WL 5084182, at *1 (E.D.N.Y. Dec. 2, 2008) (internal

quotation marks omitted); *see also e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Moreover, "objections generally may not include new arguments that were not raised, and thus were not considered, by the magistrate judge." *Hernandez v. City of New York*, No. 11-CIV-6644 (KPF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal quotation marks omitted).

Applying those standards here, the Court concludes that Defendants' objections are mostly, if not entirely, improper. Indeed, Defendants' submission barely refers to the R&R, and certainly does not refer to any "specific portion" of it. *Gutman*, 2008 WL 5084182, at *1. In fact, putting aside the conclusory (and meritless) assertion that Magistrate Judge Gorenstein "misunderstood Defendants' position, based on the unique circumstances that gave rise to their novel arguments, which appear to be issues of first impression in this Circuit," Defs.' Mem. 1, Defendants basically just rehash — sometimes verbatim — the same arguments that Magistrate Judge Gorenstein rejected. Those arguments are without merit, substantially for the reasons stated by Magistrate Judge Gorenstein in his well-reasoned R&R. Put differently, whether the R&R is reviewed *de novo* or only for clear error, the Court concludes that Defendants' objections are without merit and the R&R is thus adopted in its entirety.

For those reasons, Defendants' motion to dismiss is DENIED. Moreover, the Court concludes that Defendants' objections are so frivolous that they and their counsel should be ordered to show cause why sanctions should not be imposed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the Court's inherent authority. Magistrate Judge Gorenstein found that two of Defendants' arguments were "frivolous," R&R 10, and in a third instance took Defendants to task for ignoring controlling precedent, even after it had been raised by Plaintiff, *see id.* at 7 (noting that Defendants "[n]ot only . . . fail[ed] to cite . . . controlling

authority" — namely, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), and *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507 (2d Cir. 2017) — but also "did not even bother to respond to this case law, which was cited by plaintiffs, when they filed their reply papers"); *id.* at 10 (describing several of Defendants' arguments as "frivolous"). If those arguments were frivolous in the first instance, they are far worse now, given the standards for making a "proper" objection and the Rule 72 standard of review. One would think, for instance, that having already been chided by Magistrate Judge Gorenstein for ignoring controlling Supreme Court precedent, Defendants might think twice before doing so again. But no.

Accordingly, no later than **August 19, 2019**, Defendants and their counsel shall show cause in writing why sanctions should not be imposed — specifically, why Defendants and/or their counsel should not be required to reimburse Plaintiff, at a minimum, for the fees and costs in connection with Defendants' objections to the R&R. Plaintiff shall file any response no later than **August 26, 2019**. By the **same date**, Plaintiff shall submit a detailed accounting of all fees and costs incurred in connection with Defendants' objections to the R&R, supported by appropriate contemporaneous documentation.

For the foregoing reasons, the R&R is ADOPTED in its entirety and Defendants' motion to dismiss is DENIED. The Clerk of Court is directed to terminate ECF Nos. 189 and 246.

SO ORDERED.

Dated: August 5, 2019
 New York, New York

_____
JESSE M. FURMAN
United States District Judge