UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JORGE PACHECO et al.,                                                   :
                                                                        :
                                      Plaintiffs,                       :      18-CV-251 (JMF) (GWG)
                                                                        :
                   -v-                                                  :      MEMORANDUM OPINION
                                                                        :              AND ORDER
CHICKPEA AT 14TH STREET INC. et al.,                                    :
                                                                        :
                                      Defendants.                       :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this action, general familiarity with which is assumed, Plaintiff Jorge Pacheco brought claims against his former employers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* On March 7, 2019, Defendants moved to dismiss, arguing that Pacheco's FLSA claims were moot in light of their unaccepted offer of judgment under Rule 68 of the Federal Rules of Civil Procedure; that his NYLL claims were preempted by the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. §§ 1101 *et seq.*; and that he had no "standing" to serve as a class representative in light of the IRCA. *See* ECF No. 190. In a Report and Recommendation entered on May 30, 2019, United States Magistrate Judge Gorenstein recommended that Defendants' motion to dismiss be denied. *See* ECF No. 230 ("R&R"). Most relevant for present purposes, with respect to the Rule 68 mootness argument, Magistrate Judge Gorenstein rebuked Defendants for "misstat[ing] the holding" of the only case they cited, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013), and ignoring "the Supreme Court's decision that actually addressed the question of the impact of an unaccepted Rule 68 offer on mootness," *Campbell-*

*Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). R&R at 6-7. As Magistrate Judge Gorenstein noted, *Campbell-Ewald* (and an earlier Second Circuit decision on the same issue, *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507 (2d Cir. 2017)) "squarely" foreclosed Defendants' argument. R&R at 7. Making matters worse, "[n]ot only did defendants fail to cite this controlling authority," Magistrate Judge Gorenstein noted sharply, "they did not even bother to respond to this case law, which was cited by plaintiffs, when they filed their reply papers." *Id.* at 7 (citing ECF No. 217, at 6-7).

That would be bad enough, but Defendants — through their counsel, Lee Nuwesra — dug a deeper hole for themselves in the objections they filed to the R&R on June 25, 2019. ECF No. 246. Notwithstanding Magistrate Judge Gorenstein's rebuke, they continued to press their Rule 68 mootness argument and, once again, cited only *Genesis Healthcare* in support. ECF No. 246, at 9-10. They did not cite *Campbell-Ewald* or *Radha Geismann*, let alone explain how their argument could be squared with those decisions, except to state, without elaboration, that "[n]one of the cases cited in the Report and Recommendation addressing Rule 68 Offers . . . dealt with the unique circumstances of an undocumented plaintiff." *Id.* at 10. Defendants reiterated their IRCA-related arguments as well, largely rehashing — in some instances, verbatim — the arguments that Magistrate Judge Gorenstein had rejected as frivolous. *See id.* at 5-7. By Memorandum Opinion and Order entered on August 5, 2019, the Court overruled those objections as procedurally improper and substantively frivolous. *See* ECF No. 258 ("Aug. 5, 2019 Order"). And the Court went one step further: It ordered Defendants and their counsel to show cause why they should not be sanctioned, pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the Court's inherent authority, for continuing to press such

frivolous arguments. *See* Aug. 5, 2019 Order at 2-3. Defendants timely filed a memorandum of law opposing sanctions. ECF No. 262 ("Defs.' Mem.").[1]

The standards relevant to sanctions under 28 U.S.C. § 1927 and the Court's inherent power are well established.[2] In order to impose sanctions under either of these routes, the Court must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks omitted). Indeed, as the Second Circuit has explained, "[i]n practice, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both." *Id.* at 144 (internal quotation marks omitted). In order to impose sanctions, a district court must make factual findings with a "high degree of specificity," *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) (internal quotation marks omitted), but courts may infer bad faith when an attorney's "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose,"

---

[1] Two subsequent developments warrant brief mention. First, on November 4, 2019, the parties reported that they had reached a settlement. ECF No. 274. The settlement has not yet been approved by the Court (as is required given the claims under the FLSA, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)), and even if it had been approved, it would not affect the Court's authority to impose sanctions. *See, e.g.*, *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134-35 (2d Cir. 2014) (discussing a court's authority to consider "collateral issues" such as sanctions "after an action is no longer pending."). Second, the parties consented to proceed before Magistrate Judge Gorenstein for all purposes. *See* ECF No. 277. In so-ordering the parties' consent form, however, the Court expressly "retain[ed] jurisdiction to adjudicate all issues relating to and arising out of" the August 5, 2019 Order to Show Cause, "including whether sanctions should be imposed on Defendants and/or defense counsel." *Id.*

[2] Although the Court invoked Rule 11 in its Order to Show Cause, it need not and does not address whether sanctions would also be available on that basis.

*Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (internal quotation marks omitted).

Applying those standards here, the Court easily concludes that sanctions should be imposed jointly and severally on Mr. Nuwesra, his firm, and Defendants. The Court does not base that decision on Defendants' IRCA-related arguments — frivolous though those arguments were — "so as not to stifle legal creativity and zealous advocacy." *City of Perry, Iowa v. Procter & Gamble Co.*, No. 15-CV-8051 (JMF), 2017 WL 2656250, at *2 (S.D.N.Y. June 20, 2017) (discussing the Rule 11 standards). Instead, it bases that decision on Defendants' failure to cite, let alone address, *Campbell-Ewald* (and *Radha Geismann*) in their objections to the R&R. The failure to cite or discuss that controlling authority in Defendants' initial motion papers was bad enough — and might well have warranted sanctions in its own right. But, having decided not to drop the Rule 68 mootness issue, Defendants' failure to cite or discuss it in their objections to the R&R — even *after* Magistrate Judge Gorenstein had explained that the authority "squarely" foreclosed Defendants' argument and taken Defendants to task for not citing it, and even *after* Plaintiff had warned Defendants that he would seek sanctions if Defendants did not withdraw the argument, *see* ECF No. 268, Ex. A — is simply beyond the pale. *See, e.g., Terminix Int'l Co., L.P. v. Kay*, 150 F.R.D. 532, 537-38 (E.D. Pa. 1993) (sanctioning counsel for not raising relevant controlling authority); *Cousin v. District of Columbia*, 142 F.R.D. 574, 576-77 (D.D.C. 1992) (same); *cf. Edison Coatings, Inc. v. Freedom Cement, LLC*, No. 15-CV-2726 (LAK), 2017 WL 462339, at *2 (S.D.N.Y. Jan. 30, 2017) (refraining from imposing sanctions because counsel "stated, under penalty of perjury, that they were unaware of" the controlling authority). That failure easily supports a finding — and the Court so finds — that Defendants pressed the argument in bad faith and for improper purpose. *See Schlaifer Nance*, 194 F.3d at

4

336 (noting that courts may infer bad faith when an attorney's actions are "completely without merit").

In opposing sanctions, Defendants assert that they "included the same arguments" in their objections "so as to preserve their right for appellate review." Defs.' Mem. 1. But that assertion rings hollow, as Defendants' objections "barely refer[red] to the R&R, and certainly [did] not refer to any 'specific' portion of it," Aug. 5, 2019 Order at 2, and thus did not actually preserve Defendants' arguments for appellate review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (noting that "a bare statement, devoid of any reference to specific findings or recommendations to which [the objecting party] objected and why . . . [is] not sufficient" to preserve a claim for appellate review). Moreover, the need to preserve an argument for further review does not justify relying on inapposite authority or failing to cite, let alone distinguish, controlling authority. Nor is it a valid excuse to observe, as Defendants do in their response to the Order to Show Cause (and did, albeit more elliptically, in their objections) that *Campbell-Ewald* and *Radha Geismann* "did not address the immigration status of any party." Defs.' Mem. 7. For one thing, the immigration status of Pacheco (whatever it may be) is utterly irrelevant to the question of whether an unaccepted Rule 68 offer can moot a claim — as Magistrate Judge Gorenstein himself noted. R&R at 7. Indeed, it would be no more persuasive to argue that *Campbell-Ewald* and *Radha Geismann* are distinguishable from this case because neither of them involved a plaintiff named "Jorge." And in any event, even if Defendants believed in good faith that Pacheco's immigration status was a legitimate basis on which to distinguish the cases, that does not excuse their failure to address the decisions that Magistrate Judge Gorenstein had identified as controlling and explain why they believed those decisions were distinguishable. *See, e.g.*, *Terminix Int'l Co.*, 150 F.R.D. at 537 ("A party's position, even

if superficially plausible, cannot be accepted as a good faith argument for the extension of the existing law if, in framing the pleadings, the party ignores the controlling authority.").

Thus, the Court concludes that sanctions are appropriate. In the Court's view, an appropriate sanction is an award of the reasonable attorney's fees and costs Plaintiff incurred as result of Defendants' and defense counsel's sanctionable conduct. *See Enmon*, 675 F.3d at 148 (affirming a sanction of attorney's fees imposed under Section 1927 and the Court's inherent powers). Plaintiff submits that the fees incurred as a result of the need to respond to Defendants' objections to the R&R totaled $7,950.50, based on one hour of work by partner C.K. Lee at a rate of $650 per hour and 20.83 hours of work from a fourth-year associate at a rate of $350 per hour. *See* ECF No. 268, Ex. B. In the Court's judgment, however, these hourly rates are excessive. *See, e.g.*, *Lora v. Grill on 2nd LLC*, No. 18-CV-4949 (JMF), 2018 WL 5113953, at *1 (S.D.N.Y. Oct. 19, 2018) (approving hourly rates of $350 for a managing partner and $250 for an associate in an FLSA case); *Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 173-74 (S.D.N.Y. 2018) (approving hourly rates of $400 per hour for a partner and $300 an hour for an associate in an FLSA case); *Magnuson v. Newman*, No. 10-CV-6211 (JMF), 2014 WL 3767006, at *4 (S.D.N.Y. July 31, 2014) (citing cases finding that "$350 is a reasonable hourly fee for a FLSA case"). Moreover, only a portion of the allotted time is attributable to Defendants' sanctionable conduct given that it includes the time spent responding to Defendants' other objections. Accordingly, the Court finds that an appropriate sanction would be 30% of the requested fees, totaling an amount of $2,385.15. *See, e.g.*, *Craig v. UMG Recordings, Inc.*, No. 16-CV-5439 (JPO), 2019 WL 2992043, at *5 (S.D.N.Y. July 9, 2019) ("[A] court may apply an across-the-board reduction to effectuate the reasonable imposition of fees."). Further, because Mr. Nuwesra's conduct is "indistinguishable" from that of his firm, the Law Offices of Lee

Nuwesra, the Court imposes sanctions on Mr. Nuwesra, the Law Offices of Lee Nuwesra, and Defendants jointly and severally.  *See Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808, at *6 (S.D.N.Y. July 10, 2019).  The Court finds that ordering them to pay Plaintiff $2,385.15 is sufficient but no greater than necessary to deter repetition of the sanctionable conduct in the future.  *See, e.g.*, *Weiss v. Weiss*, 984 F. Supp. 682, 686 (S.D.N.Y. 1997); *see also, e.g.*, *Neroni v. Becker*, 609 F. App'x 690, 693 (2d Cir. 2015) (summary order) (affirming Section 1927 and inherent authority sanctions in the amount of $6,997.50 at a rate of $225 per hour as "modest" and "reasonable").

**Within thirty days of the date of this Memorandum Opinion and Order**, Mr. Nuwesra, the Law Offices of Lee Nuwesra, and Defendants shall pay sanctions to Plaintiff in the amount of $2,385.15.  **Within one week of receiving payment**, Plaintiff shall file confirmation of the payment on ECF.  The Court retains jurisdiction to impose additional sanctions as appropriate.

SO ORDERED.

Dated: December 6, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge