USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORGE PACHECO, et al.,

                                          :       ORDER

            Plaintiffs,

                                          :       18 Civ. 251 (GWG)

  -v.-

CHICKPEA AT 14TH STREET INC., et al.,

           Defendants.
------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Oral argument on the pending motion for preliminary approval of a settlement will take place on <u>January 9, 2020, at 3:30 p.m.</u> in Courtroom 6-B, United States Courthouse, 500 Pearl Street, New York, New York. This is the only matter scheduled for this date and time. Please be sure to arrive sufficiently in advance so that the argument may begin on time. Each attorney or unrepresented party is directed to ensure that all other attorneys or unrepresented parties on the case are aware of the oral argument date and time. In addition, any requests for an adjournment must be made in compliance with Judge Gorenstein's rules (available at:http://nysd.uscourts.gov/judge/Gorenstein).

      The Court directs that the parties submit a joint or separate letters on the following topics <u>on or before January 2, 2020</u>:

      (1) The percentage recovery here is exceedingly low and the brief does not give an adequate explanation of the risks to plaintiffs of litigating this case. The information regarding collectability (if that is important) is particularly sparse and confusing. The parties must present a far more detailed explanation justifying the amount of settlement.

      (2) What efforts have been made to find out what other settlement administrators would charge for the services required under the settlement agreement? How can the Court determine the proposed fee is reasonable?

In addition, at the oral argument, the Court will raise the following topics/questions (not listed in order of importance). If the parties wish to address any of these topics in writing in advance of the argument, they are welcome to do so:

(1) How were the addresses for class members obtained? What is the likely response rate to mailing checks to the addresses now available?

(2) Why should uncashed funds go to a cy pres donation? Why not deliver a second round of checks to those that cashed the first round?

(3) Why does the memorandum of law (Docket # 282 at 4) state that the administrator fee will be $25,500 while all other documents say it is $35,000?

(4) What percentage of the workforce are speakers of Spanish to the exclusion of English? Is there a plan to translate the notice to the class into Spanish?

(5) The Court sees no basis for permitting plaintiff's counsel to choose where any reverted money is disbursed. The parties may submit proposals now for appropriate charities or wait until the fairness hearing (assuming preliminary approval is granted).

(6) The Court will at some point require the lodestar information from plaintiff's counsel, though this may be provided at a later time.

(7) The Court does not understand why the provision in paragraph 3.1(D)(i) is reasonable. Any amount previously funded presumably should be kept by plaintiff's counsel in his IOLA or other escrow account until further order of the Court.

(8) Will settlement checks be sent to class members whose notices are returned as undeliverable and cannot be traced? What provision of the settlement agreement addresses this?

(9) Why does the settlement agreement include a provision that appears to nullify it if the class size is greater than 625 individuals? Why do the parties not know the class size now?

(10) The papers reflect different time periods for the response to the class notice. Compare Docket # 282 at 5; # 283 Exhibit A ¶ 2.7(B)(ii) (30 days) with Docket # 282 at 8 ¶ 3, 24; # 283 Exhibit A ¶ 2.9(A)–(B) (60 days). Also, it is unclear if the parties intended different deadlines for opting-out and objecting. See id.; see also Docket # 283 Exhibit A ¶ 2.10(A) (30 days to object). Is there a reason why there would be a different deadline?

(11) The papers should clarify which "date of mailing" deadline for opting out applies given that there may be multiple mailings if an initial mailing is returned. See Docket # 282 at 5, 24; Docket # 283 Exhibit A ¶ 2.7(B), 2.9(A)–(B)

(12) The papers reflect different proposals for who would get a service award and in one instance the amount. Compare Docket # 282 at 6 with Docket # 283 Exhibit A ¶ 3.1(B).

(13) The parties should clarify whether the "point" system for calculating awards is based on a week actually "worked" or a week "employed." Both terms are used. See Docket # 283 Exhibit A ¶ 3.1(A); # 283 Exhibit B at 2, 4 ¶ 4, 5 ¶ 8.

(14) If "points" are to be calculated based on weeks worked, see Docket # 283 Exhibit A ¶ 3.1(A), and the administrator is supposed to calculate the award accordingly, id. ¶ 2.3(G), where is the documentation coming from when defendants appear to providing only "dates of employment," id. ¶ 1.6(iii)?

(15) Please note the following typo in the proposed Notice (Docket # 283 Exhibit B): page 8, the apostrophe is not decipherable in the phrase "The Court's Fairness Hearing."

    SO ORDERED.

Dated: December 17, 2019
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge