UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JORGE PACHECO, et al.,                                          :

                                                                :      ORDER
                        Plaintiffs,
                                                                :      18 Civ. 251 (GWG)
        -v.-

                                                                :
CHICKPEA AT 14TH STREET INC., et al.,
                                                                :

                        Defendants.                             :
-----------------------------------------------------------------X
GABRIEL W. GORENSTEIN, United States Magistrate Judge

      The Court still finds the proposed settlement problematic in two respects:

(1) The Court is baffled that the settlement administrator, which is affiliated with plaintiffs' counsel, is charging $35,000. The parties in a recent proposed settlement in the case of <u>Abraham et al v. Promise Home Care Agency, Inc.</u>, 18-cv-04502-GWG, involving 471 class members, engaged an entity to administer a much more complex claims process for $13,952, almost one-third the amount being charged by plaintiffs' counsel's entity. While more claimants are involved here, the discrepancy in prices is still significant. The plaintiffs are directed to get a quote for administration from the entity proposed in <u>Abraham</u>, Rust Consulting, Inc., as soon as possible. If there are any other entities that counsel believe might provide a lower rate, a quote should be obtained from them as well. Counsel should supply the Court with a copy of all communications to or from Rust Consulting.

(2) The Court is very concerned that insufficient efforts are being made to locate the plaintiffs given that only addresses are being used to contact them and addresses change frequently. Counsel are directed to explain what other contact information defendants have for plaintiffs — most obviously, cellphone numbers. The parties should make a proposal for contacting plaintiffs by cellphone to verify their address.

Finally, the Court has revised the notice (copy attached) to make it more understandable. It has also included information about contacting the administrator to verify and potentially update a class member's address. If the parties object to any revisions, they should inform the Court by letter.

      The Court asks that the parties report on these matters on or before February 27, 2020.

SO ORDERED.

Dated: February 13, 2020
      New York, New York

                                                          GABRIEL W. GORENSTEIN
                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE PACHECO, *on behalf of himself,* *FLSA Collective Plaintiffs, and the Class*,<br><br>         Plaintiffs,<br>– against –<br><br>CHICKPEA AT 14TH STREET INC.,<br>CHICKPEA AT LIC, INC.,<br>CHICKPEA AT PENN INC.,<br>CHICKPEA INTERNATIONAL INC.,<br>CHICKPEA ON 6TH AVENUE INC.,<br>C P AT WILLIAM ST. INC. d/b/a CHICKPEA,<br>C P AT 45TH ST INC. d/b/a CHICKPEA,<br>C P AT LEXINGTON AVENUE INC.<br>d/b/a CHICKPEA,<br>C P AT MADISON AVENUE INC. d/b/a CHICKPEA,<br>ALIMADE LLC d/b/a CHICKPEA,<br>SANAA ENTERPRISES, INC. d/b/a CHICKPEA,<br>AKBARALI HIMANI,<br>and RONALD SIEGEL,<br><br>         Defendants. | 18-CV-00251<br><br>NOTICE OF PROPOSED CLASS ACTION AND SETTLEMENT |

**PLEASE READ THIS NOTICE CAREFULLY TO LEARN ABOUT YOUR RIGHTS.**
**AS EXPLAINED IN THIS NOTICE, YOU MAY BE ENTITLED TO AN AWARD OF APPROXIMATELY $[_____] FOR EACH WEEK THAT YOU WERE EMPLOYED BY A CHICKPEA RESTAURANT.**

---

# If you were an hourly employee at a Chickpea Restaurant in New York City at any time between January 11, 2012 and October 24, 2019, you may be entitled to a payment from a class action lawsuit settlement.

**This Notice describes a proposed settlement of a lawsuit. It is not a solicitation from a lawyer. This Notice has been authorized by a federal court. It contains important information regarding your right to participate in the settlement, make a claim for payment, or choose not to be included in the Settlement.**

1

Introduction

A lawsuit has been brought on behalf of hourly employees of Chickpea Restaurant who worked between January 11, 2012, and October 24, 2019. It applies to hourly employees at any of the following locations: 1413 Madison Avenue, New York, NY 10029; 42-09 28th Street, Long Island City, NY 11011; 210 East 14th Street, New York, NY 10003 and 64 West 14th Street, New York, NY 10011; Amtrak Concourse Level, Penn Station, 34th Street, New York, NY 10001; Lower Level, Penn Station, 34th Street, New York, NY 10001; 110 William Street, New York, NY 10038; 45 East 45th Street, New York, NY 10017; 601 Lexington Avenue, New York, NY 10022; and 688 6th Avenue, New York, NY 10010. We call these employees the "Class Members."

The lawsuit was brought by a former employee of Chickpea, the Plaintiff, against a number of corporations and individuals associated with Chickpea Restaurants, the Defendants. The Defendants are Chickpea at 14th Street Inc., Chickpea at LIC, Inc., Chickpea at Penn Inc., Chickpea International Inc., Chickpea on 6th Avenue Inc., C P at William St. Inc., C P at 45th St Inc., C P at Lexington Avenue Inc., C P at Madison Avenue Inc., Alimade LLC, SANAA Enterprises, Inc., Akbarali Himani, and Ronald Siegel. The Plaintiff alleges that the defendants failed to pay for work done off-the-clock and overtime, and otherwise failed to comply with wage by law. Defendants deny these allegations, deny any wrongdoing or liability, and maintain that their employees were properly compensated at all times and that they otherwise complied with the law.

To avoid the burden, expense, inconvenience, and uncertainty of continuing the lawsuit, the parties have concluded that it is in their best interests to settle the case. Defendants have agreed to deposit $300,000 into a fund that will be used to pay current and former hourly employees, as well as to pay other costs and expenses associated with the settlement.

If the Court approves the settlement, and you do not exclude yourself, you will receive a payment based on the number of weeks you were employed by Defendants during the period from January 11, 2012 and October 24, 2019, which shall be reported to the Internal Revenue Service as earnings to you on a Form 1099. Based on initial estimates, which may change, each Class Member will receive $[_____] for each week they were employed.

The attorneys for the Class Members and Defendants are not making any representations to you about the tax consequences of this settlement or your participation in it. You may seek your own personal tax advice before acting in response to this Notice.

Your legal rights may be affected. You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT OF CLAIMS: | |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain part of the case and receive a settlement payment, which may be taxed. You will also give up your right to sue Chickpea over any employment maters. <br><br> If you can, please contact the claims administrator to verify and update your address by calling ( )    -    . |
| **EXCLUDE YOURSELF** | If you exclude yourself from the class, you will get <u>no</u> payment and you will not give up your right to sue Chickpea. To exclude yourself, see paragraphs 12-14 below. |
| **OBJECT** | You have the right to object to the settlement in writing if you disagree with any part of it. However, you may not object to the settlement if you exclude yourself from the class. To object, see paragraphs 17-18 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

Defendants' records state that you worked as an hourly employee at one of the Chickpea Restaurants in New York City sometime between January 11, 2012 and October 24, 2019. The Court ordered that you be sent this notice because you have a right to know about the proposed settlement, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, payments will be mailed to class members who do not exclude themselves.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The Court in charge of this case is the United States District Court for the Southern District of New York. This case is known as *Pacheco, et al. v. Chickpea at 14th Street Inc., et al.,* No. 18-cv-00251.

The person who filed the lawsuit is called the "Plaintiff." Chickpea at 14th Street Inc., Chickpea at LIC, Inc., Chickpea at Penn Inc., Chickpea International Inc., Chickpea on 6th Avenue Inc., C P

at William St. Inc., C P at 45th St Inc., C P at Lexington Avenue Inc., C P at Madison Avenue Inc., Alimade LLC, SANAA Enterprises, Inc., Akbarali Himani, and Ronald Siegel are called the "Defendants." The Honorable Judge Gabriel W. Gorenstein of the United States District Court for the Southern District of New York is presiding over this class action.

## 2. What is this lawsuit about?

This lawsuit involves claims brought by the Plaintiff alleging that Defendants violated wage laws by failing to pay off-the-clock work and overtime, certain extra hourly payments called a "spread of hours premium," and by committing other violations. Defendants deny that they did anything wrong and deny they underpaid employees. In fact, Defendants contend that they properly paid all employees correctly at all times, and believe their documentation shows proper payments, notices, and wage statements. The Judge has not made any determination about who is right or wrong in this lawsuit.

## 3. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a settlement?

The attorneys for the class members have done an analysis of employment data and payroll records produced by Defendants, testimonies, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a less favorably recovery in several years. Based on this analysis, the attorneys for the class entered into this proposed settlement. The Court did not decide in favor of Plaintiff or Defendants. Both sides believe they would have prevailed in the case, but there was no decision or ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays and uncertainties associated with a trial, and ensured that the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members. Your estimated portion of the settlement will be based on the number of weeks you were employed during the period from January 11, 201, to October 24, 2019, after all service payments, attorneys' fees, costs, and administrative charges have been paid out of the Settlement Fund.

## WHO IS PART OF THE SETTLEMENT

## 5. How do I know if I am part of the settlement?

You are automatically a member of the Class if you worked for Defendants as an hourly employee from January 11, 201, to October 24, 2019.

| 6.  I'm still not sure if I am included. |
|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Settlement Claims Administrator at:

*Chickpea Settlement Administrator*
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
(212) 465-1180
admin@advancedlitigation.org

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 7.  What does the settlement provide? |
|---|

Defendants have agreed to deposit $300,000 which will be divided among current and former employees who are covered by the settlement.  The settlement amount will also cover payments to Plaintiff's counsel for attorneys' fees and costs (up to $100,000 plus costs in an amount to be determined), payments to the Named Plaintiff and Opt-in Plaintiffs for their service to the Class (up to $32,500), and the costs of administrating the settlement.  The remaining amount, after attorneys' fees and costs, service payments, and administrative fees have been deducted, will be divided among Class Members based on the number of weeks they were employed by Defendants during the period from January 11, 2012 and October 24, 2019.

| 8.  How much will my payment be? |
|---|

Based on the formula that has been preliminarily approved by the Court, you will receive an estimated payment of $[_____] for each week that you were employed, which will be reported to the Internal Revenue Service on a 1099 Form.  The allocation formula takes into account the number of weeks you were employed from January 11, 2012 and October 24, 2019.  The Settlement Agreement contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by following the instructions in Paragraph 22, below.

## HOW YOU GET A PAYMENT

| 9.  How can I get my payment? |
|---|

You do not need to do anything to receive the payment identified in Paragraph 8. However, if you can, please contact the Settlement Administrator at (___) ___-____ to verify your address when you receive this notice.  Also, you must inform the Settlement Administrator if your address changes so that your settlement check is mailed to the correct address.

You will be sent a settlement check if and when the Court approves the settlement and after all appeals are over.  However, if you choose to exclude yourself, you will not receive a payment.

| **10. When will I get my payment?** |

The Court will hold a fairness hearing to determine whether to approve the settlement, as described in more detail in Paragraph 19. If the Court approves the settlement, there may be appeals after that. It is always uncertain whether these appeals will be over, and resolving them can take time, perhaps more than a year. Please be patient.

| **11. What am I giving up to get a payment or stay in the Class?** |

Unless you exclude yourself (as explained in Paragraph 12 below), you will remain in the Class. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case and arising under New York wage and hour laws. It also means that all of the Court's orders will apply to you and legally bind you. In addition, if you cash your settlement check, you cannot sue, continue to sue, or be part of on any claims against Defendants arising under the federal wage and hour laws.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to give up any potential claims against Defendants, and do not want to receive a payment from this settlement, then you must take steps to get out. This is called excluding yourself —or is sometimes referred to as "opting out" of the settlement Class.

| **12. How do I exclude myself from the settlement?** |

To exclude yourself from the settlement, you must send a letter by mail that includes the words, "I opt out of the Chickpea wage and hour settlement." You must include your name, job title, address, telephone number, and signature. Your exclusion request must be postmarked no later than [_____], 2020 and must be mailed to:

*Chickpea Settlement Administrator*
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
(212) 465-1180
admin@advancedlitigation.org

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

| **13. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?** |

No. Unless you exclude yourself, you will receive a payment and will give up all of your wage and hour and other employment claims against Defendants. Remember, the exclusion deadline is [_____], 2020.

### 14. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firm of Lee Litigation Group PLLC are qualified to represent you and all Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to hire your own attorney in order to participate as a Class Member. If you do not exclude yourself from the Class and want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to one-third of the settlement fund ($100,000) for attorneys' fees. These fees would compensate Class Counsel for all work that they have performed in this case. Class Counsel will also ask the Court to approve payment for their costs. The cost of the settlement administrator will also come from the settlement fund. The Court may decide to award less than these amounts.

Class Counsel will also ask the Court to approve payments amounting to $32,500 to the class representatives in recognition of the risks they took and their service to the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 17. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You should give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter by mail that includes the words "I object to the settlement in the Chickpea wage and hour litigation." as well as all reasons for the objection. Be sure to include your name, job title, address, telephone number, and your signature. Mail the objection to:

*Chickpea Settlement Administrator*
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
(212) 465-1180
admin@advancedlitigation.org

Your letter must be postmarked no later than [_____], 2020.

| **18. What's the difference between objecting and excluding?** |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to Paragraph 17 above, who will provide your letter to the Court before the fairness hearing.

| **19. When and where will the Court decide whether to approve the settlement?** |

The Court will hold a Hearing on [_____], 2020 at [_____] a.m./p.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 6-B to decide whether to approve the settlement. Please contact Class Counsel before the hearing if you would like to attend it, as the location and date of the hearing may change.

At this hearing the Court will consider whether the settlement is fair. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| **20. Do I have to come to the hearing?** |

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| **21. May I speak at the hearing?** |

If you file a timely Objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I request permission to speak at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 17, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the settlement.

# GETTING MORE INFORMATION

| 22. Are there more details about the settlement? |
|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to:

*Chickpea Settlement Administrator*
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
(212) 465-1180
admin@advancedlitigation.org

| 23. How do I get more information? |
|---|

If you have other questions about the settlement, you can contact the Settlement Claims Administrator, or Class Counsel at the addresses and/or telephone numbers below.

C.K. Lee, Esq.
Lee Litigation Group PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Telephone: (212) 465-1180


DATED:   [_____], 20___