UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JORGE PACHECO, et al.,                          :

                                                :

            Plaintiffs,

                                                :          18 Civ. 251 (GWG)

      -v.-

                                                :

CHICKPEA AT 14TH STREET INC., et al.,

                                                :

            Defendants.                         :
-----------------------------------------------------------------X
GABRIEL W. GORENSTEIN, United States Magistrate Judge

<u>ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND
APPROVING COLLECTIVE ACTION, (2) DIRECTING DISSEMINATION OF A NOTICE
TO THE CLASS OF A PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF
ALLOCATION, AND (3) SETTING DATE FOR FAIRNESS HEARING AND RELATED
DATES</u>

      The parties in this matter, consisting of named plaintiff Jorge Pacheco and defendants Chickpea at 14th Street Inc.; Chickpea at LIC, Inc.; Chickpea at Penn, Inc.; Chickpea International Inc.; Chickpea on 6th Avenue Inc.; C P at William St. Inc. d/b/a Chickpea; C P at 45th St. Inc. d/b/a Chickpea; C P at Lexington Avenue Inc.; C P at Madison Avenue Inc. d/b/a Chickpea; Alimade LLC d/b/a Chickpea; SANAA Enterprises, Inc. d/b/a Chickpea; Akbarali Himani; and Ronald Siegel have provided to the Court a proposed settlement of this litigation. The terms of the proposed settlement are set forth in the proposed amended Settlement Agreement and Release ("Settlement Agreement") (Docket # 298-1).

      In addition, the plaintiff has moved for an order conditionally certifying a settlement class. (Docket # 281). In this motion, plaintiff requested that, for settlement purposes only, this Court conditionally certify a class under Federal Rule of Civil Procedure 23 and also approve a co-extensive collective action under Section 16(b) of the Fair Labor Standards Act. Plaintiff also requests that the Court grant "preliminary approval" of the Settlement Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Class Notice").

      After seeking and obtaining supplemental information from the parties, hearing oral argument from the parties, and directing changes to the Settlement Agreement and Class Notice (Docket ## 284, 285, 288, 290, 292), on February 7, 2020, the parties submitted a joint letter to the Court containing an amended proposed Settlement Agreement and amended Class Notice (Docket # 293). The Court directed the parties to further amend the Class Notice and to provide additional information regarding the parties' efforts to locate Class Members and the requested

1

administration fees (Docket # 294).  The parties submitted two letters to the Court in response (Docket ## 295, 296).  On March 4, 2020, the Court instructed the parties to submit an executed copy of the revised Settlement Agreement and a revised Proposed Order, which the parties provided on March 18, 2020 (Docket # 298-1).

Having reviewed the parties' amended Settlement Agreement (Docket # 298) along with the parties' prior submissions in this matter, the Court now ORDERS as follows:

1.  The Court approves a collective action consisting of the following persons on the ground that they are similarly situated:

> All hourly employees who were employed at Chickpea restaurants located in New York City at any time from January 11, 2012 to October 24, 2019.

The Court authorizes the Class Notice (in the form attached to Docket # 294) to be mailed to potential members of the FLSA collective action, notifying them of the pendency of the FLSA claim, and of their ability to join the lawsuit.

2.  The Court orders that the following class be certified for settlement purposes only pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> Named Plaintiff, Opt-in Plaintiffs, and all hourly employees who were employed at Chickpea restaurants located in New York City at any time from January 11, 2012 to October 24, 2019.

The Court reaches this conclusion by examining the standards applicable to Rule 23 certifications.  See, e.g., Romero v. La Revise Associates, L.L.C., 58 F. Supp. 3d 411, 417-48 (S.D.N.Y. 2014); Suarez v. Rosa Mexicano Brands Inc., 2017 WL 5514372, at *2 (S.D.N.Y. Nov. 15, 2017).  The Court finds (exclusively for the present purposes of evaluating the settlement) that plaintiffs meet all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).  As required under Rule 23(a), plaintiffs have demonstrated that the class is sufficiently numerous, that there are common issues across the class, that the plaintiffs' claims are typical of the class, and that the plaintiffs and their attorneys would be effective as Class Representatives and Class Counsel, respectively.  The Court also finds that the common issues identified by plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute.  Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability.  The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3).  Accordingly, pursuant to Rule 23(c) and (e), the court certifies this class for the purposes of settlement, notice and award distribution only.

3.  Named Plaintiff Jorge Pacheco and Opt-In Plaintiffs Salvador Loreto, Sorobabel Sierra, Stephanie Bere, and Shanawaj Ahmed are appointed as representatives of the Class under Rule 23.

4.  C.K. Lee, Esq. of Lee Litigation Group, PLLC is appointed as class counsel for the Class ("Class Counsel").

5. Advanced Litigation Strategies, LLC is appointed as Claims Administrator.

6. The Court has reviewed the terms of the revised Settlement Agreement (Docket # 298-1). Based on that review, the Court concludes that the potential for approval of the proposed settlement is sufficient that notice to the Class and consideration at a fairness hearing is appropriate.

7. Plaintiff has also submitted for this Court's approval a proposed Class Notice and change of address form. The Court finds that Class Notice as revised by the Court (attached to Docket # 294) is sufficient to give the Class Members a full and fair opportunity to consider the parties' proposed settlement and to determine whether to opt out. The Class Notice, which shall be sent to Class Members in both English and Spanish versions, informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; (6) appropriate information about how to notify the Claims Administrator of any address changes; and (7) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the settlement.

8. The proposed plan for distributing the Class Notice and change of address form is a reasonable method calculated to reach all Class Members who would be bound by the settlement. It thus satisfies the notice requirements of Rule 23(e). Thus, the form and manner of distributing the proposed Notice Materials are hereby approved.

9. As soon as practicable following the entry of this Order, the Claims Administrator shall prepare final versions of the notice materials, incorporating into the Class Notice the relevant dates and deadlines set forth in this Order.

10. Within fourteen (14) calendar days of the date of entry of this Order, defendants will provide the Claims Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

11. Within thirty (30) calendar days of the date of entry of this Order, the Claims Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Class Notice, along with the change of address form, using each Class Member's last known address as recorded in defendants' payroll system. The Claims Administrator shall take reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice, including by sending texts or making telephone calls where such information is available. The Claims Administrator will make a second mailing to Class Members for whom the mailing is returned as undeliverable. The Claims Administrator shall notify Class Counsel and defendants' counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing, and as

well as any such mail returned as undeliverable after the subsequent mailing.

12. The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

13. Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator ("Opt-Out Statement") provided with the Class Notice. To be effective, such Opt-Out Statements must be delivered to the Claims Administrator and postmarked by the date certain specified on the Notice, which will be sixty (60) calendar days after the Claims Administrator makes the initial mailing of the notice.

14. The Claims Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and defendant's counsel not later than two (2) business days after receipt thereof. The Claims Administrator also shall, within five (5) calendar days after the end of the Opt-Out Period, provide Class Counsel and defendants' counsel with one stamped copy of any Opt-Out Statements, with Social Security Numbers redacted, and a final list of all Opt-Out Statements. Also within five (5) calendar days after the end of the Opt-Out Period, counsel for the parties shall file with the Clerk of Court copies of any timely submitted Opt-Out Statements with Social Security Numbers and addresses redacted. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under the Settlement Agreement.

15. Class Members who wish to present objections to the proposed settlement at the fairness hearing must first do so in writing. To be considered, such objections must be delivered to the Claims Administrator and postmarked by a date certain, to be specified on the Class Notice, which shall be sixty (60) calendar days after the initial mailing by the Claims Administrator of such Class Notice.

16. The Claims Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the parties by email not later than two (2) business days after receipt thereof. Counsel to the parties shall also file, in a single filing, the date-stamped originals of any and all objections with the Clerk of Court within ten (10) calendar days after the end of the Opt-In Period.

17. No later than twenty-one (21) days before the fairness hearing scheduled in paragraph 18 below, the parties will submit a joint Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

18. The Court hereby schedules a fairness hearing for <u>August 20, 2020, at 4:00 p.m.</u> in Courtroom 6B, 500 Pearl Street, New York, New York. At the hearing, the Court will determine whether to grant final certification of the Settlement Class, approval of the FLSA collective action, and approval of the Settlement Agreement and the Plan of Allocation. At the fairness hearing, the Court will consider any application that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payments to be made to the Named Plaintiff and Opt-In Plaintiffs. Class Counsel shall file their application for an award of

attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than twenty-one (21) days prior to the Fairness Hearing.

19. If, following the fairness hearing, this Court approves the Settlement Agreement, the Named Plaintiff, Opt-In Plaintiffs, and each individual Class Member who does not timely opt out will release claims, by operation of this Court's entry of the Judgment and Final Approval, as described in the Settlement Agreement.

20. Any Class Member who does not opt out will qualify for payment and will be sent a check containing his or her distribution of the Settlement after final approval of the settlement.

SO ORDERED.

Dated: March 30, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge