**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JORGE PACHECO, *on behalf of himself, FLSA Collective Plaintiffs and the Class*, <br><br> Plaintiff, <br><br> v. <br><br> CHICKPEA AT 14TH STREET INC., CHICKPEA AT LIC, INC., CHICKPEA AT PENN INC., CHICKPEA INTERNATIONAL INC., CHICKPEA ON 6TH AVENUE INC., C P AT WILLIAM ST. INC. d/b/a CHICKPEA, C P AT 45TH ST. INC. d/b/a CHICKPEA, C P AT LEXINGTON AVENUE INC. d/b/a CHICKPEA, C P AT MADISON AVENUE INC. d/b/a CHICKPEA, ALIMADE LLC d/b/a CHICKPEA, SANAA ENTERPRISES, INC. d/b/a CHICKPEA, AKBARALI HIMANI, and RONALD SIEGEL, <br><br> Defendants. | No. 18-CV-00251 |

**ORDER AS TO (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE'S SERVICE AWARDS; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Parties entered into a final settlement $300,000 on December 6, 2020 in a Settlement Agreement and Release, which was later amended and re-executed on March 17, 2020 (hereinafter "Settlement" or "Agreement"). On March 30, 2020, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class,

appointing Lee Litigation Group, PLLC as Class Counsel, appointing Advanced Litigation Strategies, LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order").  Docket No. 299.

On July 30, 2020, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval") and Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards").  The motions were unopposed.

The Court held a fairness hearing on August 20, 2020.  No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the August 20, 2020 fairness hearing, and the complete record in this matter, for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and

approves the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiff Jorge Pacheco and Opt-In Plaintiffs Salvador Loreto, Sorobabel Sierr, Stephanie Bere, and Shanawaj Ahmed as representatives of the Class under Federal Rule of Civil Procedure 23.

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. On July 20, 2020, the Administrator mailed CAFA notices to the appropriate federal and state officials, outside of the prescribed ten (10) day period after filing of the Parties' motion for preliminary approval. The Court held a settlement fairness hearing on August 20, 2020. The 90-day period under that statute 28 U.S.C. §1715(d) has now expired.

8. The Court finds that the notice distributed to class and collective members (the "Class/Collective Notice") pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as modified herein.  The Court finds that the settlement as modified (hereinafter, the "settlement") is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.  The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of

further litigation.

10. The Court finds that the settlement is procedurally fair because it was reached through arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation.

11. The settlement is also substantively fair. The Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation.

12. The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13. The Court finds that the proposed plan of allocation as modified is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $100,000.00, which is approximately one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of

Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

15. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $8,309.80, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16. The Court approves and finds reasonable service awards for the class representatives amounting to $3,500, in recognition of the services they rendered on behalf of the class. The service awards shall be allocated as follows: $2,000 to Named Plaintiff Jorge Pacheco, $500 to Opt-In Plaintiff Sorobabel Sierra, $500 to Opt-In Plaintiff Stephanie Bere, and $500 to Opt-In Plaintiff Shanawaj Ahmed. These amounts shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement and Release.

17. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $35,000, which shall be paid out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement and Release.

18. The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice. Neither party to this Litigation is or shall be considered a prevailing party.

19. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 19th day of October 2020.

_____
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge